M. K. CLENDENNING ET AL., PLAINTIFFS IN ERROR, V. CRAWFORD & McLAUGHLIN, DEFENDANTS IN ERROR.

**Appeals from Justices of the Peace.** The statute specially provides that a judgment given in the absence of a party, sued and served with process in a justice's court, may be set aside, and a trial had in which the defendant can set up all his defenses; and in such case an appeal will not lie to the district court until after the proper motion shall have been made to set aside such judgment.

ERROR to the district court for Cuming county. Tried below before VALENTINE, J.

*R. F. Stevenson*, for plaintiff in error, cited *Wood v. O'Ferral*, 19 Ohio State, 427.

*Crawford & McLaughlin*, pro se, cited *Ruddick v. Vail*, 7 Iowa, 44. *Brayton v. County of Delaware*, 16 Iowa, 44. *Trullenger v. Todd*, 5 Oregon, 36. *Long v. Sharp*, Id., 438. *Garnet v. Rodger*, 52 Missouri, 41. *Sample v. Gilbert*, 46 Ind., 444.

GANTT, CH. J.

The defendants in error sued the plaintiffs in a justice's court on account for professional services, etc. They were served with process, and failed to appear at the return day of the summons; the cause was tried and judgment was given in conformity with the bill of particulars and the proofs. The plaintiffs in error appealed to the district court, and on motion the appeal was dismissed. The only question in the case is, whether an appeal from the judgment of a justice of the peace will lie to the district court in a case where the defendant disregards the process and fails to appear at the return day of the summons.

Section 1006 of the civil code provides, that " in all cases, *not otherwise provided for by law*, either party may appeal from the final judgment of any justice of the peace to the district court of the county where the judgment was rendered." But section 1001 specially provides, that " when a judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions:

"*First*. That his motion be made within ten days after such judgment was entered.

"*Second*. That he pay or confess judgment for the costs awarded against him.

" *Third*. That he notify in writing the opposite party, his agent, or attorney, or cause the same to be done, of the *opening of such judgment*, and of the time and place

Clendenning v. Crawford & McLaughlin.

of trial, at least five days before the time, if the party reside in the county, and if he is not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial." Hence, where judgment is given in the absence of the party sued and served with process, it is "specially provided" that, upon certain conditions, the judgment may be set aside and a trial had in which he can set up all his defenses. This statutory provision gives the party a complete remedy, in such case, in the justice's court, and does not deny him the right of an appeal after he shall have made his defense to the action in that court.

It seems clearly to be the legislative intent that actions in justice's courts must be tried upon the merits of both the claim of the one party and the defense of the other, before an appeal shall be taken to the district court; and this rule seems to be reasonable and just, for where the law establishes the court in which a party shall bring his action, the adverse party should not be allowed to disregard the process of such court, and then select the forum of his own choice in which the cause shall be first tried upon the merits of the case. If such a practice were permitted, it would defeat the main object for which the justice's courts were established, namely, the trial and disposal of causes or controversies with the least possible expense to the parties, where the amount involved does not exceed one hundred dollars. In the following cases it has been held that if a party is duly summoned and fails to appear and set up his defense, an appeal will not lie to the district court. *Brayton v. County of Delaware*, 16 Iowa, 441. *Trullenger v. Todd*, 5 Oregon, 36. *Long v. Sharp*, 5 Id., 438. See *Garnet v. Rodgers*, 52 Mo., 145. *Sample v. Gilbert*, 46 Ind., 444.

The judgment of the court below is affirmed.

JUDGMENT AFFIRMED.