THE STATE OF NEBRASKA, EX REL. ELIZABETH BERGER, v. HORACE B. SMITH.

1. **Practice in County Courts.** Section 1001 of the code of civil procedure, relative to justices of the peace, is applicable to the practice in county courts, in all cases, regardless of the amount in controversy.

2. ———: SETTING ASIDE OF JUDGMENT. A judgment rendered by a county court, in the absence of the defendant, may be set aside under the provisions of the above section of the code.

ORIGINAL application for writ of mandamus.

*C. A. Baldwin*, for relator.

*H. D. Estabrook*, for respondent.

LAKE, J.

This is an application for a writ of mandamus to compel the defendant, as county judge, to issue an execution on a judgment rendered in the county court at the December term, 1880, in favor of the relator for the sum of $500 and costs, in the absence of the defendant in the action, which judgment was subsequently set aside on his motion, under sec. 1,001 of the code of civil procedure. Gen. Stat., 685.

The question thus raised is one of practice. It is, whether this section, which is found in that part of the code governing procedure before justices of the peace, is applicable also to the practice in county courts in what are known as term cases, or those wherein the amount in controversy is above the jurisdiction of a justice of the peace. The question is essentially one of power in the county judge to set aside the judgment in this particular case, and not whether such power was wisely exercised.

Similar questions were presented in *Banks v. Uhl*, 6 Neb., 145, and in *Cox v. Tyler*, Id., 297, and our decision in those cases is decisive of this one. In the former the question was whether, in the probate court, of which our present county court is the successor, a plaintiff could voluntarily dismiss his action, as provided in the justice act, and we held that he could. We there said: "As to the dismissal of actions there is no provision whatever in the act concerning probate courts, but in the second section of that act it is pro-

vided. that the provisions of the code of civil procedure relative to justices of the peace shall, where no special provision is made in this subdivision, apply to the proceedings in all civil actions prosecuted before said probate judges." Then, referring to the act relative to justices of the peace, we showed that the authority for such voluntary dismissal was given in express words.

And in the latter case of *Cox v. Tyler*, where the question was whether the county court could vacate its judgment and *grant a new trial*, it was held that the only authority for such a step, in that court, must be looked for in the act relative to justices of the peace. After quoting the words of the statute above given, we there say: "It will be noticed that this section extends not alone to cases in which a justice of the peace would have jurisdiction, but to '*all civil actions prosecuted before said probate judges*,' and consequently as no provision is made ' in this subdivision,' * * * * we must resort to 'the code of civil procedure relative to justices of the peace' for direction in this matter."

The rule of construction applied by us in the two cases above referred to is decisive of this one. In the act or acts relative to probate or county courts, nothing is said as to the vacating of judgments, but there is in the act concerning justices of the peace. In the section first above referred to, it is provided that: "When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions." Then follow three conditions upon which the judgment may be vacated, and the defendant heard in his defense. This section is applicable to the practice in county courts, in all cases, regardless of the amount in controversy.

WRIT DENIED.