WILLIAM R. STRINE, PLAINTIFF IN ERROR, v. S. KINGSBAKER AND BROTHER, DEFENDANTS IN ERROR.

Justice of Peace: SETTING ASIDE JUDGMENT BY DEFAULT. When judgment is rendered by default before a justice of the peace, the defendant, by paying or confessing judgment for costs in the case, may, as a right, have the judgment set aside by filing a motion to that effect at any time within ten days from the date of the rendition thereof.

ERROR to the district court for Otoe county. Tried in district court before POUND, J. The opinion states the case.

*C. W. Seymour*, for plaintiff in error.

*Covell & Ransom*, for defendant in error.

MAXWELL, CH. J.

On the 6th day of August, 1880, the defendants in error commenced an action against the plaintiff, before a justice of the peace, to recover the sum of $100.00 upon a draft alleged to have been accepted by said plaintiff. A summons was issued returnable August 9th at 9 o'clock A. M., and was duly served. No appearance was made by the plaintiff in error at the time the summons was returnable and judgment was rendered against him by default, and an execution thereupon issued on said judgment. This execution seems to have been levied on property of the plaintiff in error, as there is an entry of

a claim of exemption, but nothing to show on what property it was levied. On the same day on which the judgment was rendered, the plaintiff in error offered to confess judgment for costs in the action, and moved to set the judgment aside, upon the ground that it was rendered in his absence. The motion, on the 23d day of August of that year, was overruled. The case was taken on error to the district court where the judgment of the justice was affirmed. The case is brought into this court by petition in error.

The question to be determined is the right of the plaintiff in error to have the judgment by default set aside and be permitted to defend.

Sec. 1001 of the code of civil procedure provides that: " When judgment shall have been rendered against a defendant in his absence, the same may be set aside upon the following conditions : *First*, That his motion be made within ten days after said judgment was entered. *Second*, That he pay or confess judgment for the costs awarded against him. *Third*, That he notify in writing the opposite party, his agent or attorney, or cause it to be done, of the opening of such judgment and of the time and place of trial, at least five days before the time, if the party reside in the county, and if he be not a resident of the county, by leaving a written notice thereof at the office of the justice ten days before the trial." Comp. Statutes, 645.

The provisions above quoted seem to be imperative, the only conditions being that the motion be made within ten days and that the defendant pay or confess judgment for costs. Both of these requirements were complied with by the plaintiff in error. The statute does not require the defendant in such case to state his defense. The defendant, even on the trial of a cause in justice court, is not required in the first instance to state his defense in writing, and may even prove a set-off or counter claim

without pleading the same, unless required by the plaintiff to file a bill of the particulars of his claim or set-off. No appeal can be taken to the district court, except a defense has been interposed on the trial before the justice. *Clendenning v. Crawford*, 7 Neb., 474. The reason being as stated in the case above cited; "It would defeat the main object for which justices' courts were established, namely, the trial and disposal of causes or controversies with the least possible expense to the parties, where the amount involved does not exceed one hundred dollars."

The judgment of the justice and also of the district court is reversed and the cause remanded to the district court for further proceedings.

REVERSED AND REMANDED.