WILLIAM R. STRINE, PLAINTIFF IN ERROR, v. MOSES KAUF-MAN, DEFENDANT IN ERROR.

Practice in Justices' Courts: VACATION OF JUDGMENT. Where a defendant has entered his appearance to the action, and absents himself on the day of trial, he is not entitled to have the judgment against him set aside, under sec. 1001 of the code.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*C. W. Seymour* and *T. B. Stevenson*, for plaintiff in error.

*Watson & Wodehouse*, for defendant in error.

LAKE, CH. J.

In *Strine v. Kingsbaker, ante* page 52, we held that where a judgment is rendered against a defendant on a default by a justice of the peace, he may, as a matter of right, have it set aside, as provided in sec. 1001 of the code, Comp. Stats., 645. And in *Clendenning v. Crawford,* 7 Neb., 474, the same principle was recognized in the ruling, that, where a defendant fails to appear as commanded by the summons, and judgment goes against him, he cannot appeal, his remedy being the one given by this section of the statute.

But the precise question here presented was not involved in those two cases. The question now to be decided is, whether, after an appearance by the defendant, issue joined, and a continuance of the case, he may, upon absenting himself on the day of trial, still have the benefit

of that provision of the law? On the one hand, it is strongly insisted that he may, while on the other it is contended that he may not, and that the right belongs only to defendants who have failed to appear to the action.

It must be admitted that the question is not free from embarrassment. Our duty is, of course, to ascertain and declare the will of the law makers in framing the provision. It is declared, that "when judgment shall have been rendered against a defendant, *in his absence*, the same may be set aside," upon certain conditions. The required "conditions" were complied with, and the question must be determined by the meaning to be given to the words "in his absence," as used in the quotation. Are they to be taken literally, and as embracing every case of personal absence of a defendant from the presence of a justice when judgment is rendered against him? If so, then the collection of demands in justices' courts can be postponed indefinitely at the option of the debtor. If after an appearance, and issue joined, a defendant has the power, by absenting himself on the day of trial, to have the judgment set aside once, what is there to prevent him from doing so again, or indeed any number of times that he may choose? There is certainly nothing, if the construction contended for by counsel for the plaintiff in error is the true one.

Indeed, if so literal a construction were given, a defendant would be enabled, even after trial had, if the justice chose to postpone his decision—as he may do for four days, in certain cases—to render the judgment abortive by a resort to this provision of the law. We cannot think that results, so pernicious as these would be, could have been intended by the legislature, and we are therefore inclined to hold, as claimed by counsel for the defendant in error, that the word "absence" as here used is equivalent to non-appearance to the action. In this we are sup-

ported by Worcester, who, in his unabridged dictionary, adopting the definition of Burrill, says: "absence" in law means "non-appearance." The plaintiff in error therefore was not absent in the legal sense of the word. In obedience to the command of the summons he had appeared; he was not in default; he was in court, although not personally present, and therefore not within the contemplation of the section under which he seeks relief. The judgment must be affirmed.

JUDGMENT AFFIRMED.