SYLVESTER ANDREWS, PLAINTIFF IN ERROR, V. EUGENE
MULLIN, DEFENDANT IN ERROR.

**Appeal from Justice of the Peace.** On the facts stated in the
record, *Held*, That an appeal would lie from the judgment of
a justice of the peace to the district court.

ERROR to the district court for Saline county. Heard
below before WEAVER, J.

*E. S. Abbott*, for plaintiff in error, cited authorities re-
ferred to in the opinion.

*T. B. Parker*, for defendant in error.

MAXWELL, J.

On the 6th day of February, 1882, Mullin brought an
action against Andrews before a justice of the peace of Sa-
line county. At the time set for the hearing Andrews ap-
peared by an attorney and filed a motion to dismiss the ac-
tion for certain reasons therein stated. The motion was
overruled, whereupon Mullin demanded a jury, which was
selected, and summons issued requiring the jurors to ap-
pear February 10th at one o'clock P.M.

The transcript shows that at one o'clock P.M. of the 10th
day of February, 1882, Mullin appeared, but Andrews
failed to appear, whereupon the jury were impaneled and
a verdict rendered in favor of Mullin for the sum of $159,
upon which judgment was given. Andrews thereupon ap-
pealed to the district court, where, on motion of Mullin,
the appeal was dismissed upon the ground that Andrews
had failed to make his defense before the justice. It is
claimed that the district court erred in dismissing the ap-
peal.

The defendant in the justice court was entitled to one
hour in which to appear. The justice, therefore, could not

lawfully impanel a jury and proceed with the trial before 2 o'clock P.M. of the day to which the cause was adjourned. The only question presented by the record is, did the court err in dismissing the appeal?

In *Crawford v. Clendenning*, 7 Neb., 474, it was held that as the statute specially provides that a judgment rendered in the absence of a party in a justice's court may be set aside and a trial had on the merits, no appeal will lie to the district court until after a motion has been made to set aside the judgment, and a new trial is had. In that case it is said: "It seems clearly to be the legislative intent that actions in justice's court must be tried upon the merits of both the claim of one party and the defense of the other, before an appeal shall be taken to the district court; and this rule seems to be reasonable and just, for where the law establishes the court in which a party shall bring his action, the adverse party should not be allowed to disregard the process of such court, and then select the forum of his own choice in which the cause shall be first tried upon the merits of the cause. If such a practice were permitted, it would defeat the main object for which the justices' courts were established, namely, the trial and disposal of causes or controversies with the least possible expense to the parties, where the amount involved does not exceed one hundred dollars. In the following cases it has been held that if a party is duly summoned and fails to appear and set up his defense, an appeal will not lie to the district court. *Brayton v. County of Delaware*, 16 Iowa, 441. *Trullenger v. Todd*, 5 Oregon, 36. *Long v. Sharp*, 5 Id., 448. See *Garnet v. Rodgers*, 52 Mo., 145. *Sample v. Gilbert*, 46 Ind., 444."

This case was approved in *Strine v. Kingsbaker*, 12 Neb., 52.

Section 951 of the code requires the defendant, if required by the plaintiff, his agent, or attorney, to file a bill of particulars of his claim of set-off. This may be re-

quired in all cases, and the evidence of set-off will be confined to the matters set forth in the defendant's bill of particulars. If the defendant fail to file a bill of particulars of his set-off when required to do so, no proof of the same can be received either in the justice's court or on appeal.

Section 1100 *a* of the code provides: "That in all civil actions before justices of the peace, in which the defendant has been served with summons in this state, it shall not be necessary to prove the execution of any bond, promissory note, bill of exchange, or other written instrument, or any indorsement thereon, upon which the action is brought, or set-off or counter claim is based, unless the party sought to be charged as the maker, acceptor, or indorser of such bond, promissory note, or bill of exchange, or other written instrument, shall make and file with the justice of the peace, before whom the suit is pending, an affidavit that such instrument was not made, given, subscribed, accepted, or indorsed by him." Comp. Stat., 658.

This would seem to apply to all actions upon any of the instruments named.

In *Strine v. Kaufman*, 12 Neb., 423, *Crawford v. Clendenning* and *Strine v. Kingsbaker* were approved; but it was held that where the defendant has entered an appearance to the action, and absents himself on the day of trial, he is not entitled to have the judgment against him set aside. It is said: "If after appearance and issue joined, a defendant has the power by absenting himself on the day of trial to have the judgment set aside once, what is there to prevent him from doing so again, or indeed any number of times that he may choose?"

The decision amounts to this, that after a defendant has appeared in an action and joined issue, he cannot, by failing to appear at the trial and prove his defense, have the judgment set aside and a new trial awarded. In other words, he cannot take advantage of his own neglect. In the case at bar the record clearly shows that the trial was com-

menced, and for aught that appears concluded, before the time in which the defendant was required to appear and prove his defense.

A party cannot be deprived of his rights in this manner. The defendant therefore is entitled to an appeal.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.