Baier v. Humpall.

JOHN BAIER, PLAINTIFF IN ERROR, V. WENCEL
HUMPALL, DEFENDANT IN ERROR.

1.  **Justice of Peace:** APPEARANCE: APPEAL. A party who
    appears in the case at the trial before a justice of the peace may
    appeal to the district court although he offered no affirmative
    proof.

2.  ————: TRIAL. The issues in the district court will be the same
    as before the justice.

3.  ————. The word "defense" applies to any matter tending to
    diminish or entirely defeat the plaintiff's cause of action.

ERROR· to the district court for Saline county. Tried
below before WEAVER, J. Baier was defendant in the
court below and before the justice.

*M. B. C. True*, for plaintiff in error.

*J. H. Grimm*, for defendant in error.

MAXWELL, J.

This is an action of replevin commenced before a justice
of the peace. On the trial of the cause the justice rendered
judgment in favor of the defendant. The plaintiff then
appealed to the district court, where, on motion of the de-
fendant, the appeal was dismissed, the grounds of the mo-
tion being that the plaintiff "failed, neglected, and refused
to interpose his defense in the court below, as is shown by
the transcript." The motion was sustained and the cause
dismissed. This is assigned for error in this court.

The docket entry, so far as it relates to appearance of
the parties, is as follows: "September 12, 1882, 10 o'clock
A.M., cause came on to be heard, both plaintiff and defend-
ant in court and expressly waive their right of trial by jury
and ask for a trial by this court. Trial had. Plaintiff

Wencel Humpall called and sworn. The defendant failed to introduce testimony," etc.

In *Clendenning v. Crawford*, 7 Neb., 474, it was held that a party permitting a judgment to be taken against him by default must have the default set aside and defend the cause on the merits before he could appeal to the district court. *Strine v. Kingsbaker*, 12 Id., 52. *Brayton v. County of Delaware*, 16 Iowa, 44. *Trullenger v. Todd*, 5 Oregon, 36. *Long v. Sharp*, Id., 437. The reason assigned being that justices' courts are established for the trial and disposal of minor causes with as little delay and expense to the parties as possible. But in establishing this rule it was not intended to prevent a party from taking an appeal who had appeared and made his defense in the justice court. The word "defense" applies to every matter tending to diminish or entirely defeat the plaintiff's cause of action. This perhaps may be shown by the cross-examination of the plaintiff's witnesses. Even if a defendant has no affirmative proof to offer, he has the right to cross-examine the witnesses of the adverse party, and in this way, if he can, diminish or defeat a recovery against himself. And when he does so we can see no good reason why he should be deprived of the right of appeal. The issues on the appeal will be the same as they were before the justice.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.