WILLIAM A. CLEGHORN, PLAINTIFF IN ERROR, V. JOHN M. WATERMAN, DEFENDANT IN ERROR.

1. Appearance. A defendant or appellee may appear in court specially and make a motion to dismiss the case, for the want of jurisdiction, or to quash or strike from the files any jurisdictional paper, without thereby making a general appearance in the case.

2. ———: JUSTICE OF PEACE: APPEAL. A defendant, in a case before a justice of the peace, who has appeared " at the return day of the summons," or attended " at the time to which a trial has been adjourned," and has made the necessary bill of particulars, will not be entitled to have the judgment against him set aside, as is provided in section 1001 of the civil code, nor will he be denied the right of appeal.

3. Justices of Peace: DOCKET ENTRIES. Such entries as are required by law to be made in a justice's docket, or a transcript thereof certified by the justice, or his successor in office, is evidence of the facts therein stated. But no voluntary entry of other facts in such docket will be received in evidence.

ERROR to the district court for Cass county. Tried below before POUND, J.

*George S. Smith* and *A. Beeson*, for plaintiff in error.

*Crites & Ramsey*, for defendant in error.

COBB, CH. J.

This action was originally commenced by Waterman before a justice of the peace. Upon the return day of the summons the defendant Cleghorn, upon his motion and showing, obtained a continuance for twenty-eight days, or from the 13th day of February, 1883, to the 13th day of March following, at 10 o'clock, A.M., the plaintiff's petition or bill of particulars having been filed in the case at the time of commencing the suit. On the adjourned day at 10 o'clock, the defendant by his attorney appeared and filed his defense consisting of a general denial, and it is claimed that said attorney then went away demanding that the justice should dismiss the case in case the plaintiff should fail to appear by half past 10 o'clock (*sic*). It further appears that the plaintiff did appear at 10:45 o'clock, and that he introduced evidence in support of his petition, and no evidence being offered on the part of the defendant, judgment was rendered for the plaintiff. From this judgment the defendant took an appeal to the district court, and at the next succeeding term of said court the said defendant filed a suggestion of a diminution of the record, and prayed for an order commanding said justice to supply a full and complete transcript of his proceedings in said cause, properly certified to said district court. On a previous day of said term, but appearing subsequent thereto in the record, the plaintiff by his attorneys filed a motion in the following words: "Now comes the above named plaintiff, John M. Waterman, by Crites & Ramsey, his attorneys, and appearing specially for the purpose of making this motion, and for no other purpose, moves the court to strike from the files the paper writing purporting

to be a transcript in the above entitled action for the following reasons:

"Because said transcript does not show any judgment against the defendant from which an appeal could be taken.

"Because said transcript is not certified in the manner provided by law." Signed by attorneys.

This latter motion was not acted on until after, in response to an order of court, the justice of the peace had sent up a new transcript of his docket, properly certified, so far as I see or has been suggested. Then the said motion was acted upon and the appeal dismissed. From which judgment of dismissal the defendant brings the cause to this court on error.

Plaintiff in error takes the ground that defendant in error having appeared in the district court and filed a motion to strike the transcript from the files, although in said motion he claimed that such appearance was special and made for the purpose of such motion only, that nevertheless it was a general appearance.

It has doubtless been the intention of this court at all times to adhere strictly to the rule stated in the opinion by C. J. Mason, in *Porter v. The Chicago and Northwestern Railway Company*, 1 Neb., 14, in the following words: "But if, by motion or by any other form of application to the court, he seek to bring its powers into action, except on the question of jurisdiction, he will be deemed to have appeared generally." But there is either an inherent difficulty in the question, or the language above quoted fails to come up to that degree of perspicuity and clearness usual with the writings of its author.

It may be asked what powers has a court which can be brought into action on the question of its own jurisdiction? If it has jurisdiction it may decide that it has, and yet certainly not derive its jurisdiction from such decision; but if it has not jurisdiction, clearly it can decide nothing on the

subject. Is it not logical that to make any motion which, if favorably considered by the court, would result in the making of an order in the case, is an admission of the right of the court to act therein, and hence of jurisdiction? And yet such do not seem to have been the rulings of this court in *Crowell v. Galloway*, 3 Neb., 315, *Aultman & Taylor v. Steinan*, 8 Id., 109, or *Newlove v. Woodward*, 9 Id, 502. In all of these cases it is recognized as the true rule that the defendant may make any motion which directly challenges the jurisdiction of the court without thereby submitting his person to such jurisdiction.

But does the motion which we are now considering raise the question of jurisdiction? The word jurisdiction is not used. Nor would the granting of the motion on the last ground therein named have necessarily led to the dismissal of the appeal. Suppose the justice of the peace should refuse to make out and certify a transcript after having received and approved an appeal bond, or suppose the certificate should be found to be defective, can there be any doubt of the power of the court to compel the making out and certifying of the transcript in the one case, or the remedying of such defect in the other? · See sec. 28, ch. 19, Comp. Stat. Yet while the motion is not in terms for the dismissal of the appeal, and as we have seen its allowance need not necessarily result in such dismissal, it seems to have been considered and treated by the court as a motion to dismiss, and is so called throughout in the journal entries.

But as the court did not act upon this motion until after the amended transcript was received from the justice and filed, and as no defect in the amended transcript or certificate has been pointed out or suggested, it must be presumed that the district court dismissed the appeal on the ground that the case was not appealable.

Defendant in error cites the case of *Clendenning v. Crawford*, 7 Neb., 474, in support of the judgment. That

which the court decided in that case was (I quote the entire syllabus), that as "The statute specially provides that a judgment given in the absence of a party sued and served with process in a justice's court may be set aside and a trial had, in which the defendant can set up all his defenses; and in such case an appeal will not lie to the district court until after the proper motion shall have been made to set aside such judgment." This is sound law, and if the case at bar comes within the rule here laid down the judgment must be sustained.

I quote a portion of secs. 1000 and 1001 found on p. 645, Comp. Stat., as being necessary to an understanding of this question:

"Sec. 1000.   *   *   *   If the defendant fail to appear at the return day of the summons, or if either party fail to attend at the time to which a trial has been adjourned, or fail to make the necessary bill of particulars, or fail in the proof on his part, the cause may proceed at the request of the adverse party, and judgment must be given in conformity with the bill of particulars and proofs."

"Sec. 1001.  When judgment shall have been rendered against a defendant in his absence the same may be set aside upon the following conditions," etc.

Now it is very clear that the *absence* here spoken of is the same as that spoken of in section 1000, in the words, "If the defendant fail to appear at the return day of the summons," and "if either party fail to attend at the time to which a trial has been adjourned." Now in the case at bar the trial had been adjourned to March 13, at 10 o'clock A.M. At that hour, according to the justice's transcript, the defendant attended by attorney and filed his answer. So he was not absent but present at the very time when his absence would have given him the right to have the judgment set aside under the provisions of sec. 1001. Having attended at the time to which the trial had been adjourned, any absence after that will be regarded as vol--

untary on his part, and under it he cannot claim the right to have the judgment set aside. But was he absent at all? That question we cannot answer. It is true that the justice has written in his docket and copied it in his transcript, that "the defendant did not appear in person, and his attorney departed before the trial was had," etc.; but the court should have taken no notice of that statement.

The statute provides, section 1086, civil code, what shall be entered by the justice in his docket. The docket and a properly certified transcript of it are evidence of these things, but of these only. These are divided and stated under fifteen separate and distinct heads, in the section above cited. Under the fourth head is the following: "Fourth, Which of the parties, if either of them, appeared at the trial." This is equivalent to the language, "attend at the time, to which a trial has been adjourned," as used in section 1000, above quoted. But in no part of the section, under no head, is the justice required to state how long the parties or their attorneys, or either of them, remain in court, when they go out, or whether they return, or remain away. So that the words of the transcript "and his attorney departed before trial was had, but demanded that the case be dismissed if defendant (*sic*) failed to appear within thirty minutes after 10 o'clock," must be deemed to have been written by the justice *ex industria,* and voluntarily, and as having no significance whatever.

So when we examine the transcript of the justice's docket with these voluntary matters eliminated, it appears that the defendant appeared at the time set for trial and filed his answer; that a trial was had on the merits and a judgment for the plaintiff.

It is thus seen that the defendant appeared and set up his defense. Hence under none of the authorities cited in *Clendenning v. Crawford, supra,* nor the authority of that case, could he be denied an appeal.

It was doubtless the intent of the legislature to provide

for the settlement and final disposition of petty·cases in justice courts, so far as that can be done with due regard to the rights of parties, yet none of these rights are more clearly guaranteed by the constitution than the right of appeal. The legislature has provided, as we have seen, that to avail himself of this right a defendant must "appear at the return day of the summons," or "attend at the time to which a trial has been adjourned," and "make the necessary bill of particulars." Further than this it has not gone. It is doubtless highly commendable, in a moral point of view, in a party to a law suit, to act with entire fairness and candor towards his opponent, and develop his evidence and the theory of his defense at the first opportunity, but to require him to do so, on pain of losing his right to an appeal, is a step further than either the legislature or the courts have yet gone.

The judgment of the district court is reversed, the appeal reinstated, and the cause remanded to the district court for further proceedings in accordance with law.

REVERSED AND REMANDED.

REESE, J., concurs.

MAXWELL, J., dissenting.

I am unable to give my assent to that portion of the opinion of the majority of the court which holds that the entry on the docket of the justice that "The defendant did not appear in person, and his attorney departed before the trial was had" was improper and of no effect.

Sec. 1086 of the code requires the justice to enter on his docket: First. The title of every action in which the writ is served, or where the parties appear voluntarily. Second. The date of the writ, the time of its return, and if an order to arrest the defendant or attach property was made, such fact must be stated, together with the affidavit upon which

such order was made. Third. The filing of the bill of particulars of either party, and the nature thereof, and when not of too great length, the same shall be entered at length on the docket. Fourth. *Which of the parties* if either of them *appear at the trial*, etc.

In the docket entry objected to, the justice stated that the defendant's attorney appeared at the time set for trial and filed an answer and then departed before the trial. The filing of the answer alone did not waive the requirement of the statute that the defendant shall appear at the trial and contest the plaintiff's right to recover, in order that if aggrieved by the judgment, he may appeal to the district court. Justices' courts are provided for the trial of minor causes, and if a party, when served with summons upon which is endorsel the amount for which the plaintiff will take judgment if he fail to appear, permits judgment to be taken against himself without resisting the claim, the presumption is, it is just, and that there is no defense. If a party has been prevented from making his defense the law grants him the right to have the judgment set aside and to make his defense. But if a defendant, by merely filing an answer, may then absent himself from the trial and still appeal, then he need not contest his right before the justice, and the case of *Clendenning v. Crawford*, 7 Neb., 474, and other cases following and appproving that decision, are practically overruled, although cited with approval in the majority opinion. If a change is made it should be done by the legislature and not by the court. The judgment should be affirmed.