CRIPPEN AND AMICK, PLAINTIFFS IN ERROR, V. OBE
CHURCH, DEFENDANT IN ERROR.

**Justice of Peace:** APPEARANCE: SETTING ASIDE JUDGMENT.
A defendant in a case before a justice of the peace who has ap-
peared at the return day of the summons or attended at the
time to which a trial has been adjourned, will not be entitled
to have the judgment against him set aside as provided in sec-
tion 1001 of the civil code.

ERROR to the district court for Cass county.    Tried be-
low before POUND J.

*J. H. Haldeman*, for plaintiffs in error.

*Travis & Clark*, for defendant in error.

COBB, CH. J.

This action was commenced before a justice of the peace.
Personal service of the summons was had on the defend-
ant, returnable on the 19th day of July, 1884, at 10 o'clock
A.M.    On the return day of the summons at the hour set
for trial, both parties appeared, and by mutual agreement
of the parties, by their respective attorneys, the case was
continued to July 21, 1884, at 9 o'clock A.M.  July 21, 1884,
at 10 o'clock A.M., the parties appeared and the defendant
filed a motion to dissolve an order of attachment which
had been issued in the case, which motion was overruled.
On motion of the plaintiffs the cause was again continued
to July 23, 1884, at 2 o'clock in the afternoon.

On the 23d day of July, 1884, at 2 o'clock in the after-
noon, the plaintiffs appeared and the case was called; the
defendant did not appear; the justice waited one hour; the
defendant not appearing and a jury being waived, the case
was submitted to the justice on the bill of particulars of
the plaintiffs and evidence, whereupon the justice found

that there was due from the defendant to the plaintiffs the sum of $52, with interest thereon at the rate of seven per cent per annum from July 10, 1884, and rendered judgment in favor of the plaintiffs and against the defendant, for fifty-two dollars with interest at seven per cent from July 10, 1884, and the costs of the action, taxed at $9.00. On the 28th day of July, 1884, the defendant appeared before the justice and moved to set aside the said judgment for the reason that the same was rendered in the defendant's absence. The record also contains an entry of judgment (or an offer to confess judgment, it is somewhat difficult to say which, by the defendant) for $3.40 costs, for the purpose of having the judgment set aside.

There then follows another motion to set aside the judgment for the same reason. Then follows an entry by the justice under date the 29th of July, 1884, of the rendition of judgment against the defendant as by confession, for the costs of the action, in the sum of $9.00, and a conditional order setting aside the judgment and setting the cause for trial on the 5th day of August, 1884, at 10 o'clock A.M.

Under date of July 31, 1884, there was filed a notice of the plaintiffs' attorney to the defendant's attorney that a motion will be made to correct the record of said justice in the case, which motion was afterwards made (it does not appear when) as follows: "Now come the plaintiffs and move the court to strike the motion for a new trial from the files and correct the record on his docket for the following reason: *First.* The plaintiffs had no notice of the hearing of the motion. *Second.* The entries on the docket made in the absence of the plaintiffs are void and made by mistake. *Third.* The entries made after judgment are a nullity, and without authority of law, and a new trial cannot be granted. *Fourth.* Because the defendant and his counsel acted by fraud and deception in having the fraudulent and void entries made, and deceived the court."

Then comes the following entry by the justice:

"The first, second, and third reasons sustained, the fourth reason not sustained. The plaintiffs filed their motion to strike from the files the motion for a new trial made to set aside judgment, and correct the record herein. The defendant heretofore made an appearance in the action, and is not entitled thereto. And for the further reason that the plaintiffs had no notice as stated in the first reason as the law requires, and that said order was placed on the record by mistake before hearing argument on the motion. Motion sustained."

The cause was then taken to the district court by petition in error, where, upon hearing, the judgment of the justice was reversed, which judgment of the district court is now brought to this court on error.

In the case of *Cleghorn v. Waterman,* 16 Neb., 226, the majority of this court held that "a defendant in a case before a justice of the peace, who has appeared at the return day of the summons, or attended at the time to which a trial has been adjourned, and has made the necessary bill of particulars, will not be entitled to have the judgment against him set aside as provided in section 1001 of the civil code, nor will he be denied the right of appeal."

That is the only real question presented by the record in the case at bar, or which was before the district court. Neither the question of costs nor that of the proceedings before the justice after judgment are properly before this court or were before the district court.

It appears from the justice's transcript that the defendant appeared at the return day of the summons, and also on a subsequent day set for trial, and although he had not filed a bill of particulars, yet, having filed a motion to dissolve an order of attachment he brought himself within the reason of the rule in *Cleghorn v. Waterman, supra,* and had not the right to have the judgment set aside as having

been rendered in his absence, nor would he have been denied the right of an appeal.

The judgment of the district court is reversed, and the proceeding in error in said court dismissed, and the judgment of the justice of the peace is restored and affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.