CHARLES O. SMITH, PLAINTIFF IN ERROR, v. SARAH J. BORDEN, DEFENDANT IN ERROR.

1. Justice of Peace: APPEARANCE. A party who has appeared in an action before a justice of the peace and entered into an agreement continuing the cause, may appeal from the judgment rendered against him before such justice. *Cleghorn v. Waterman*, 16 Neb., 230. *Crippen v. Church*, 17 Neb., 306.

2. ———: APPEAL. Under Sec. 1008 of the code as it existed in 1885 a party appealing from the judgment of a justice of the peace had until the second day of the succeeding term of the district court in which to file the transcript, and the plaintiff had twenty days thereafter in which to file his petition. Therefore, where

an appeal had been properly taken by a defendant, a motion made by.him on the first day of such term to dismiss the cause for want of prosecution was premature, and should have be₍n overruled.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*John Dawson*, for plaintiff in error.

*F. B. Beall* and *J. E. Bush*, for defendant in error.

MAXWELL, CH. J.

In April, 1885, the plaintiff filed his bill of particulars before one Henry Wilcox, a justice of the peace for Harlan county, claiming from defendant the sum of $12.90, with interest from October 13, 1884, for goods sold and delivered to said defendant by David Brothers & Co., which account was assigned to plaintiff. The cause coming on for trial on the 27th day of April, the parties appeared by their respective attorneys, and the case was continued by consent to the 27th day of May. On that day, defendant failing to appear and plaintiff appearing by his attorney, judgment by default was taken against defendant in the sum of $13.25 and costs taxed at $4.70. The defendant then took the case to the district court of said county on appeal. Plaintiff thereupon filed a motion in said court to quash the appeal, for the reason that the defendant did not appear at the trial of the cause in the court below. The motion was overruled, to which plaintiff excepted, and on the first day of the next term the defendant filed a motion in said court to dismiss the action for want of prosecution. The motion was sustained, and judgment rendered against the plaintiff for costs, to all of which the plaintiff excepted, and now brings the cause into this court by petition in error.

The motion to quash the appeal was properly overruled.

Smith v. Borden.

In *Clendenning v. Crawford*, 7 Neb., 474, it was held that to entitle a party to appeal, he must have appeared before the justice and tried the cause upon the merits. This decision was followed in a number of cases. The opinion in the case cited was written by Judge Gantt and concurred in by the entire court: In *Cleghorn v. Waterman*, 16 Neb., 230, and *Crippen v. Church*, 17 Neb., 306, however, it was held by a majority of the court that a party who had appeared on the trial might appeal although he had not tried the case on the merits. These later decisions practically overrule that of *Clendenning v. Crawford*, and are to be followed. The court did not err, therefore, in overruling the motion to quash the appeal.

The court erred in sustaining the motion to dismiss the action. Sec. 1008 of the code of 1885 provided that, "The said justice shall make out a certified transcript of his proceedings, including the undertaking taken for such appeal, and shall, on demand, deliver the same to the appellant, or his agent, who shall deliver the same to the clerk of the court to which such appeal may be taken, within thirty days next following the rendition of such judgment; and such justice shall also deliver or transmit the bill or bills of particulars, the depositions, and all other original papers, if any, used on the trial before him, to such clerk, on or before the second day of such term; and all other proceedings before the justice of the peace in that case shall cease and be stayed from the time of entering into such undertaking."

Under this statute the appellant had until the second day of the succeeding term to file his transcript. *Roesink v. Barnett*, 8 Neb., 149. *Monell & Lashley v. Terwilliger*, 8 Neb., 363. *Rich v. Stretch*, 4 Neb., 188. And the plaintiff had twenty days thereafter in which to file a petition.

The plaintiff not being in default, the court erred in sustaining the motion to dismiss.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.