WESTERN MUTUAL BENEVOLENT ASSOCIATION, PLAINTIFF IN ERROR, V. JAMES PACE, DEFENDANT IN ERROR.

Justice of Peace:   ABSENCE OF DEFENDANT ON DAY OF TRIAL. Where a defendant has entered his appearance in an action, and absents himself on the day of trial, he is not entitled to have the judgment against him set aside under section 1001 of the civil code of Nebraska.   *Strine v. Kauffman*, 12 Neb., 423.

ERROR to the district court for Gage county.   Tried below before BROADY, J.

*L. W. Colby,* for plaintiff in error, cited: *Cleghorn v. Waterman,* 16 Neb., 226.   *Crippen & Amick v. Church,* 17 Id., 304.

No appearance for defendant in error.

REESE, CH. J.

The original action in this case was instituted before a justice of the peace, by James Pace.   Summons was issued returnable January 30, 1886, and was personally served. On the return day both parties appeared, and by agreement the cause was continued until the 8th day of March, at which time the defendant did not appear, and plaintiff obtained judgment.   On March 10th, defendant filed a motion to set aside the judgment, as having been rendered

in its absence, and confessed judgment for costs. The motion was sustained, and the judgment set aside, the case being set for trial on the 16th day of March. Notice of the opening of the judgment and time and place for trial were duly given. At the time set for trial, defendant in error appeared and objected to the jurisdiction of the court, which objection was overruled by the justice. He made no further appearance, and on motion of plaintiff in error, the cause was dismissed, at his costs. The case was then taken to the district court by proceedings in error, where the action of the justice of the peace in setting aside the judgment was reversed and the original judgment reinstated. The defendant in the original action brings the case to this court by proceedings in error as plaintiff in error.

The sole question involved is, whether, under the provisions of section 1001 of the civil code, defendant having appeared on the return day of the summons, and consented to a continuance, then not appearing at the time to which the case was adjourned, such a judgment can be set aside as a judgment rendered against it in its absence?

This question was decided in *Strine v. Kaufman*, 12 Neb., 423, and it need not be here discussed, as we are satisfied that decision was correct.

The justice, therefore, had no jurisdiction to set aside the judgment, and the decision of the district court, in reversing his action in that behalf, was clearly correct and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.