HOWARD BROTHERS, PLAINTIFFS IN ERROR, v. MARY E. JAY, DEFENDANT IN ERROR.

Justice of Peace: TRIAL. An action was instituted before a justice of the peace. Prior to the return day the defendants caused subpœnas to be issued for their witnesses, which were served, and the witnesses appeared. On that day the trial was adjourned for thirty days, on the application of the plaintiff. On the day to which the trial was adjourned the defendants appeared and objected to the jurisdiction of the court over them. The objection was overruled, and upon being required by the court to plead or be defaulted, they withdrew from court, and the trial proceeded in their absence, resulting in a judgment

against them.   They appealed the case to the district court,
where, upon motion, the appeal was dismissed as having been
taken from a judgment rendered in their absence.   *Held*, Error.

ERROR to the district court for Frontier county.   Tried
below before COCHRAN, J.

*Geo. H. Stewart* and *W. S. Morlan,* for plaintiffs in error,
cited :  *Crowell· v. Galloway,* 3 Neb., 219.   *Crippen v.
Church,* 17 Neb., 304.   *Smith v. Borden,* 22 Neb., 487.
*Clarine v. Nelson,* 15 Neb., 440.

No appearance for defendant in error.

REESE, CH. J.

This was an action in replevin, instituted by defendant
in error against plaintiffs in error before a justice of the
peace of Frontier county.   The transcript from the docket
of the justice of the peace shows that the action was com-
menced on the 5th day of September, 1887.   A summons
was issued returnable on the 12th day of the same month,
and delivered to the constable for service and execution.
The return of the constable shows that he levied upon the
property in dispute, caused it to be appraised, and after
the execution of the proper undertaking by the plaintiff in
the action, the property was delivered to her.   The ser-
vice of summons was made by delivering to the agent of
plaintiffs in error a certified copy thereof.   On the 7th
day of September, the defendants in the action, who are
plaintiffs in error here, procured the issuance of a number
of subpœnas for their witnesses to appear on the day set
for the trial, but upon that day defendant in error filed an
application for an adjournment for thirty days, which was
granted, and the cause adjourned to the 12th day of Octo-
ber of the same year.   On that day the parties appeared,
at the time set for the trial, when the plaintiff in the suit

asked leave for the constable to amend his return so as to conform to the facts. But the constable refused to amend, saying that the return was true and correct. The plaintiff in the case asked that defendants be required to "plead to the issues or stand defaulted." This motion was sustained.

It appears, inferentially, that the constable had failed to properly certify the copy of the summons which he had delivered to the agent of defendants in the action. By permission of the court he placed his certificate upon the copy in the usual form. Defendants then filed a motion objecting to the jurisdiction of the court over the person of defendants, for the following reasons:

"1st. That these defendants have not been duly and legally served with summons as required by law.

"2d. That the defendants have not been served with summons in this case."

This objection was overruled, and the case ordered to proceed to trial, when the defendants withdrew from the court, and the trial proceeded, which resulted in a finding and verdict in favor of the plaintiff in the suit.

On the 14th of October, the defendants filed the necessary bond for an appeal to the district court, and the cause was taken to said court by the usual proceeding for that purpose. Upon the cause being docketed, the plaintiff, who is defendant in error in this court, filed a motion to dismiss the appeal, for the reason, "That there was default made in the lower court, and no trial was had there upon the merits of the case."

This motion was sustained by the district court, and the appeal dismissed. The defendants in that action, as plaintiffs, bring the case into this court by proceedings in error.

There are two assignments in the petition in error, which are as follows:

"1st. The court erred in sustaining the motion of defendant to dismiss the appeal in this case.

" 2d.   The court erred in dismissing the plaintiffs'
appeal in said action."

As we have seen, it appears by the record that, after the
commencement of the action before the justice of the
peace, and before the return day, the plaintiffs in error
caused subpœnas to be issued for a number of witnesses
to appear and testify on the day set for the trial of the
cause.   The record made by the justice of the peace is
silent as to whether the defendants appeared on the return
day or not, but it is quite probable that they did, as an
application for adjournment was made by the plaintiff, and
which was sustained, and the trial adjourned.   The ad-
journment was not procured for the purpose of perfect-
ing or curing any defect in, or want of service, but for
the purpose of procuring the attendance of certain wit-
nesses named in the application.   We think it suf-
ficiently appears from the docket entry that plaintiffs
in error appeared in the justice of the peace court,
and that there was no want of jurisdiction over them,
even though the summons may have been improperly
served.   Justice of the peace courts not being courts
of regular statutory terms, but being at all times open for
the exercise of such judicial functions as may be called
into action, it would seem that the appearance of defend-
ants for the purpose of procuring the issuance of the
subpœnas referred to, would be the same, legally, as
though the action had been taken on the day set for trial.
The witnesses are shown to have been present on the
return day when the trial was postponed.   This being
shown, together with the presumption of the appearance
of plaintiffs in error, it would follow that they were
entitled to their appeal from the judgment.   It is quite
clear that plaintiffs in error would not have the right to a
new trial, under the provisions of section 1001 of the
civil code, upon the ground that the judgment was ren-
dered in their absence.   *Strine v. Kaufman*, 12 Neb., 424.

*Raymond v. Strine,* 14 Id., 236. *Cleghorn v. Waterman,* 16 Id., 229. This being true, their only remedy was by appeal or proceedings in error. Having adopted the former, they were entitled to have the case tried in the district court upon its merits.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.