THOMAS CARR v. EDWARD M. LUSCHER.

[FILED OCTOBER 5, 1892.]

1. **Appeal from Justice's Court: TRIAL: ISSUES.** Under the decision of this court in *Cleghorn v. Waterman*, 16 Neb., 226, which has been followed ever since, a defendant who has appeared in an action before a justice of the peace may appeal from the judgment, notwithstanding he was not present at the trial. On the trial of such a case, in an ordinary action, it will be assumed that the cause of action is denied, and it will devolve on the plaintiff to prove the same; and in case the defendant appeals, his defense will be restricted to a like denial.

2. ———: **PLEADING: COUNTER-CLAIM.** Motion to strike out counter-claim *held* properly sustained.

ERROR to the district court for Lancaster county. Tried below before TIBBETS, J.

*Wooley & Gibson*, for plaintiff in error:

The plaintiff in error appeared as defendant in justice's court and was entitled to appeal. The issues can be made up in the appellate court, and the trial court erred in sustaining the motion of plaintiff below to strike out that portion of the amended answer setting up a counter-claim. (*Smith v. Borden*, 22 Neb., 488; *Andrews v. Mullin*, 14 Id:, 248; *Sanchez v. Candelaria*, 23 Pac. Rep. [N. M.], 239; *Wagner v. Evers*, 20 Neb., 183; Code Civil Procedure, secs. 951, 1010.)

*T. C. Munger, contra:*

The same issues must be tried on appeal that were tried in the court below. (*Baier v. Humpall*, 16 Neb., 128; *Courtnay v. Price*, 12 Id., 192; *O'Leary v. Iskey*, Id., 137; *Fuller v. Schroeder*, 20 Id., 636; *Sawyer v. Brown*, 17 Id., 172; *U. P. R. Co. v. Ogilvy*, 18 Id., 638; *Sells v. Haggard*, 21 Id., 361; *Clendenning v. Crawford*, 7 Id., 476; *Cain v. Harden*, 1 Ore., 360; *Marx v. Trussell*, 50 Miss., 498.) A counter-claim is a separate cause, and if not presented below cannot be appealed. (*Burbage v. Squires*, 3 Met. [Ky.], 77; *Cross v. Eaton*, 48 Mich., 184; *Wilson v. Wilson*, 30 O. St., 372; *Grant v. Ludlow*, 8 Id., 32; Maxwell's Justice Pr., 169; *Callahan v. Newell*, 61 Miss., 437.)

MAXWELL, CH. J.

The defendant in error brought an action against the plaintiff in error before a justice of the peace to recover the sum of $63.25. A summons was duly issued and served, which was returnable June 30, 1890, at 9 o'clock A. M. At the time to which the cause was continued the plaintiff in error failed to appear and judgment was rendered against him for the sum of $63.25 and costs. He then appealed the cause to the district court and in that court

filed an answer to the petition of the defendant in error as follows:

"Comes now the above named defendant and for amended answer to the plaintiff's petition admits that he employed the plaintiff as a traveling salesman, and agreed to pay him the sum of twenty-five cents per box for soap sold by him, but denies that defendant agreed to pay any traveling or other expenses whatever.

"Further answering, the defendant alleges that he advanced and paid to plaintiff the sum of $75, which was about $13 more than was due plaintiff, and defendant is not indebted to plaintiff in any sum whatever.

"Further answering by way of counter-claim, defendant alleges that while plaintiff was so employed by defendant, as hereinbefore stated, the plaintiff, without defendant's knowledge or consent, falsely represented the quality of defendant's stock and promised defendant's customers to fill orders in violations of defendant's instructions, whereby defendant lost his customers in the territory traveled by plaintiff, to defendant's damage in the sum of $200.

"Wherefore defendant prays judgment against the plaintiff in the sum of $200 and costs of suit."

The defendant in error thereupon moved to strike out of the defendant's amended answer filed May 4, 1891, beginning "further answering, defendant alleges that he advanced and paid to plaintiff," and ending "wherefore defendant prays judgment against the plaintiff in the sum of $200 and costs of suit," and all words included between said clauses, being all after the words "or other expenses whatever," for the reason that the issues in the court below, where this cause was tried and from which it was appealed, did not include the matters set up in the said words of the amended answer, nor was the trial upon the said matter so set forth, and the issues by the amended answer are not the issues in the court below.

The motion was sustained as to the claim for damages

and overruled as to payment. The defendant in error thereupon filed a reply denying payment. On the trial of the cause the jury returned a verdict in favor of the defendant in error for the sum of $65.48, upon which judgment was rendered.

The defendant below (plaintiff in error) brings the cause into this court, and the only question presented is the ruling of the court in striking out of the answer the counter-claim for damages.

The plaintiff in error relies upon *Smith v. Borden*, 22 Neb., 487–8, to sustain his position. In that case, however, the defendant did not set up a counter-claim or set-off, and the only question presented was the liability of the defendant to the plaintiff. The court felt constrained in view of the decision of a majority of the court in *Cleghorn v. Waterman*, 16 Neb., 226, to hold that an appeal would lie where there had been an appearance. That case was followed by *Crippen v. Church*, 17 Neb., 304. These cases are a wide departure from *Clendenning v. Crawford*, 7 Neb., 474, in which it was held that the party appealing must have contested the case before the justice. The court, as at present constituted, view the last case cited with favor and regard it as a correct statement of the law, but as it is desirable to adhere to a practice when once established, we will follow the later decisions. We will not extend the rule, however.

A defendant, by failing to appear at the trial before the justice, cannot thereby obtain an advantage. He cannot refuse there to present his claim, set-off, or counter-claim, and on an appeal plead and prove the same. From the nature of the case before the justice, the issue is the right of the plaintiff to recover on his claim. For the purpose of the trial the claim is treated as denied, and it devolves on the plaintiff to prove the same; and on appeal the same issue is presented. The court did not err, therefore, in striking out the alleged defense of the defendant below,

24

and there is no error in the record.    The judgment is therefore

AFFIRMED.

THE other judges concur.