McCORMICK HARVESTING MACHINE COMPANY V. JOHN S. SCHNEIDER.

FILED FEBRUARY 1, 1893.    No. 4934.

1. **Setting Aside Judgment in County Court.** It is a well settled rule in this state that a judgment rendered in a county court in the absence of the defendant may be set aside, under the provisions of section 1001 of the Code of Civil Procedure, although the amount claimed by the plaintiff exceeds $200.

2. ———: SPECIAL APPEARANCE. In an action before a county court the defendant appeared for the sole purpose of objecting to the jurisdiction of the court, which objection was overruled, and the defendant not appearing further, judgment was rendered against him. *Held*, That such appearance did not deprive him of the right to have the judgment set aside under the provisions of said section 1001.

3. **Service of Summons: WAIVER OF DEFECTS.** The filing of a motion to set aside the default is a waiver of all defects and irregularities in the service of the summons.

McCormick v. Schneider.

Error from the district court of Holt county. Tried below before Kinkaid, J.

*H. M. Uttley*, for plaintiff in error.

*G. M. Cleveland, contra.*

Norval, J.

This was an action brought by plaintiff in error in the county court of Holt county upon a foreign judgment to recover the sum of $261.45. A summons was issued and placed in the hands of the sheriff for service, who made due return of service thereof upon the defendant by leaving a true and certified copy of the same, with all indorsements thereon, at the defendant's usual place of residence. Subsequently the defendant appeared before the county court and filed an affidavit alleging " that the only summons or copy of summons served upon or delivered to him, or left at his usual place of residence, in this case is the purported copy of summons hereto attached as Exhibit A, and made part hereof." Exhibit A is a true copy of the original summons, except that it contained no indorsement of the amount for which judgment was asked. The defendant making no further appearance in the case, judgment was rendered against him for $261.45. Within ten days thereafter defendant filed a motion under section 1001 of the Code to set aside the judgment, which motion was denied. He thereupon prosecuted error to the district court, alleging the following grounds for reversal:

" 1. The court erred in overruling the objection to the jurisdiction of the court, which objection was on the ground that no copy of the summons was ever served on the defendant in said case in the county court.

" 2. The court erred in refusing to set aside the default."

The district court reversed the judgment of the county court, and this is the error complained of here.

It is a well settled rule of this court that where a defendant has entered no appearance in a cause in a justice court, he may, as a matter of right, have the judgment therein entered against him set aside. It has likewise been held that the provisions of section 1001 of the Code, relating to the setting aside of judgments before justices of the peace, apply to causes in the county court, regardless of the amount in dispute. (*State v. Smith,* 11 Neb., 238; *Tootle v. Jones,* 19 Id., 588.) But where a defendant has entered an appearance he is not entitled to have the judgment set aside, even though he may have been absent on the day of trial. (*Strine v. Kaufman,* 12 Neb., 424; *Western Mutual Benevolent Ass'n v. Pace,* 23 Id., 495; *Smythe v. Kastler,* 16 Id., 264.) It has been held that procuring the issuance of subpœnas, or the filing of a motion for security for costs, or to dismiss the action, constitutes such an appearance as to defeat his right to have the default set aside, under the provisions of said section 1001, upon the ground that judgment was entered in his absence. (*Raymond v. Strine,* 14 Neb., 236; *Bell Bros. v. White Lake Lumber Co.,* 21 Id., 525; *Howard Bros. v. Jay,* 25 Id., 279.)

Do the facts in the case at bar bring it within the principle of the decisions last cited? We do not think so. In each of the cases to which we have referred the defendant made a general appearance in the action, while in the case at bar the defendant appeared for the sole purpose of objecting to the jurisdiction of the court, or questioning its power to render any judgment against him. Whether his ground of objection was sufficient or not is quite immaterial, inasmuch as the question sought to be raised was purely jurisdictional. The appearance was not general. As he did not by motion or otherwise seek to call into operation the powers of the court, except on the question of jurisdiction, the appearance was special, and he did not thereby waive his right under the statute to have the

judgment rendered against him in his absence set aside. Therefore the county court erred in overruling the motion to set aside the default.

The defendant by filing his motion to set the judgment aside waived all defects in the service of the summons. (*Crowell v. Galloway*, 3 Neb., 220; *Freeman v. Burks*, 16 Id., 328.)

The judgment of the district court is clearly right and is

AFFIRMED.

THE other judges concur.