## JOHN CRUMAY v. ANDREW J. HENRY.

FILED JUNE 5, 1894.   No. 5242.

Appeal: APPEARANCE: FAILURE TO DEFEND BEFORE JUSTICE A defendant, who has made a general appearance in an action before a justice of a peace, may appeal from a judgment against him, even though he was not present at the trial, and did not contest the case in said court upon the merits.

ERROR from the district court of Howard county. Tried below before COFFIN, J.

*T. T. Bell* and *W. H. Thompson*, for plaintiff in error.

*Kendall & Taylor*, contra.

NORVAL, C. J.

Andrew J. Henry brought this action in the justice court against John Crumay upon an account. Plaintiff recovered a judgment before the justice, and the defendant prosecuted an appeal to the district court of the county, where, on motion of the appellee, the appeal was dismissed on the ground that the defendant did not make sufficient appearance in the justice court to entitle him to appeal said cause.

The only question presented for decision is whether the appeal was properly dismissed. This court has held in several cases that when a defendant fails to appear in an action against him in a justice court, but permits a judgment to be taken against him by default, he cannot appeal therefrom to the district court. In such case his remedy is to have the default set aside under section 1001 of the Code. (*Clendenning v. Crawford*, 7 Neb., 474; *Minneapolis Harvester Works v. Hedges*, 11 Neb., 46; *Strine v. Kingsbaker*, 12 Neb., 52; *Crippen v. Church*, 17 Neb., 304; *Western Mutual Benevolent Association v. Pace*, 23 Neb., 494.) Where the defendant has once appeared in the action he is not entitled to have the judgment against him set aside, even though he absented himself on the day of trial; but may appeal. (*Strine v. Kaufman*, 12 Neb., 423; *Raymond v. Strine*, 14 Neb., 236; *Andrews v. Mullin*, 14 Neb., 248; *Cleghorn v. Waterman*, 16 Neb., 226; *Smith v. Borden*, 22 Neb., 487; *Carr v. Luscher*, 35 Neb., 318; *Sullivan v. Benedict*, 36 Neb., 409.) A defendant may appeal where he has appeared at the trial, but offered no affirmative proof (*Baier v. Humpall*, 16 Neb., 127); or where he absents himself on the day of trial, but has appeared merely for the purpose of filing a motion for security for costs (*Raymond v. Strine*, 14 Neb., 236); or to dissolve an attachment (*Crippen v. Church*, 17 Neb., 304); or where he has caused subpœnas to issue for witnesses (*Howard*

*Bros. v. Jay*, 25 Neb., 279); or where he has applied for a change of venue, which was denied (*Wagner v. Evers*, 20 Neb., 183); or for a continuance, which was granted (*Steven v. Nebraska & Iowa Ins. Co.*, 29 Neb., 187). Where the defendant appears before the justice for the sole purpose of objecting to the jurisdiction of the court over his person, it is not such an appearance as will entitle him to an appeal from a judgment rendered against him. (*McCormick Harvesting Machine Co. v. Schneider*, 36 Neb., 208.)

Some of the earlier cases in this court contain expressions to the effect that an appeal will not lie to the district court from a judgment of a justice of the peace, except a defense on the merits has been interposed, but the later decisions upon the subject state the doctrine broadly if the defendant has at any time made a general appearance in the case before the justice, he may appeal from the judgment rendered against him, notwithstanding he was not present on the day of trial. The later utterances of the court on the question are sound and will be adhered to. In the case under consideration the transcript of the justice's docket shows this entry on the day the summons was returnable:

"Now on this 25th day of June, 1891, this cause came up to be heard upon the bill of particulars of the plaintiff, and the defendant having appeared personally, and having failed to answer said bill of particulars, and having left the court room, making no further appearance in said cause, was heard upon the evidence of the following witnesses for the plaintiff, to-wit: A. J. Henry, Caroline Henry, Neal Lambert, and A. E. Ferris.

"Upon consideration whereof the court finds there is due the plaintiff from the defendant the sum of $35.95, and it is therefore considered and adjudged that the plaintiff recover from the defendant the sum of $35.95, and the same to draw seven per cent interest from date, and also to recover his costs in the sum of $13.50."

It also appears that a diminution of the record was suggested in the district court, and an amended transcript of the justice docket was filed therein, which, in addition to the quotation above, contains the following:

"Now the defendant appeared in the court room five minutes before 11 o'clock, the hour for trial being 10 o'clock, and did not present his showing for a change of venue until after court had been called and the hour passed, and when told by the court that he thought it was insufficient and ought not to be granted, and while discussing the matter, he grabbed his paper from the table and left the court room saying, repeatedly, that he had nothing further to say in the cause, ordering the court to do as he liked with the cause, and did not give the court a chance to file his papers, or ask him to do so, and he took his papers with him."

The foregoing entries, together or alone, conclusively show that the defendant made a general appearance in the case before the justice. It is manifest that the purpose of his appearing was to obtain a change of the place of trial, and not for the purpose of objection to the jurisdiction of the court over the subject-matter of the suit or of his person, else the justice would have so stated. The fact that the defendant did not appear until " five minutes before 11 o'clock,  *  *  *  and did not present his showing for a change of venue until after court had been called and the hour past," did not constitute a special appearance. A party may appear generally in a case at any time during its pendency, even after judgment. The appearance was general, and continued to be such until the defendant, upon being informed by the justice that his motion for a change of venue was insufficient, "grabbed his papers from the table and left the court room." The fact that the application for a change of venue was not filed, or that defendant "grabbed his papers," is immaterial. It was the duty of the justice to have done the former, and it would have been

quite as becoming had the defendant omitted the latter; but we are unwilling to hold that the appearance of a party is not general merely because he had been rude.   Under the decisions of this court the defendant was entitled to an appeal, and the district court erred in denying him that right.   The judgment is reversed, the appeal reinstated, and the cause remanded for further proceedings.

REVERSED AND REMANDED.