BENJAMIN F. RAWALT, PLAINTIFF IN ERROR, V. EUGENE
BREWER, DEFENDANT IN ERROR.

1. **Justice of the Peace:** JUDGMENT. Where the transcript of a justice's docket shows that the parties were present at the trial, this court will not presume that judgment was rendered by default.

2. ————: APPEAL. A party who in good faith contests a plaintiff's right to recover before a justice of the peace, as by the examination or cross-examination of witnesses, may appeal to the district court.

3. ————: SET-OFF. If after a set-off is filed the plaintiff dismisses his action and pays the costs, the justice after the entry of dismissal should docket the set-off under its proper title—the claimant as plaintiff and the adverse party defendant.

REHEARING of case reported 15 Neb., 56.

*Batty & Ragan,* for plaintiff in error.

*W. S. Prickett* and *S. G. Wilcox,* for defendant in error.

MAXWELL, J.

This case was decided by this court in November, 1883, the judgment of the court below being affirmed. A rehearing was granted and the cause again submitted.

It appears from the record that in January, 1883, the plaintiff brought an action against the defendant before a justice of the peace to recover the sum of $61.25 and interest on a promissory note. On the return day of the summons, both parties being present, the defendant filed a bill of particulars of his set-off. The plaintiff then filed an affidavit for a continuance, which the justice did not consider sufficient, and therefore refused to continue the cause. An adjournment of three hours was afterwards granted "to give plaintiff time to procure witnesses." At

the time to which the cause was·adjourned "the plaintiff came forward and paid all costs, $10.10, and withdraws the case and dismisses his action." The transcript shows that after the plaintiff's cause of action was dismissed, "the trial proceeds to hear the claim of the defendant. Eugene Brewer swore in his own behalf, and from the evidence given I do find that there is due the defendant the sum of eighty-nine and sixteen-one-hundredths dollars," etc. The plaintiff then appealed to the district court, and on motion of the defendant the appeal was dismissed, and this is the error complained of.

The ground upon which the appeal was dismissed, without doubt, was that the plaintiff had failed to make his defense to the set-off before the justice, but the record fails to show that fact. All that is required of the adverse party is, that in good faith he shall litigate his claim before the justice. This may be done by producing witnesses, or by the cross-examination of those produced by the other side. In many cases all that a party can expect to accomplish by an appearance, is to reduce the plaintiff's claim. If he contests this in good faith his right to appeal is unquestioned. The transcript fails to show the character of the defendant's set-off, and probably the only question was as to the amount of recovery. The record fails to show that judgment was taken by default in favor of the defendant. The plaintiff was therefore entitled to appeal. Considerable stress in the argument of the case was laid upon the fact that the statute requires the cause to proceed in the same manner in the appellate court as in justice court,—in other words the plaintiff is to file a petition and the defendant an answer, which it is claimed the plaintiff could not do in this case.

Set-off is a demand against the plaintiff in favor of the defendant. It may be less than the plaintiff's demand or equal to, or exceed it; but to the extent it is established it liquidates the plaintiff's claim. It.is in fact a cross action

in which the defendant, in respect to his claim, becomes an actor—in all but in name a plaintiff. Now, suppose A B commences an action against C D to recover the sum of $200, and C D files a set-off or offset for $200, if on the trial the defendant establishes his set-off the plaintiff will fail to recover—not because he had not a valid cause of action, but because he was indebted to the defendant in a sum equal to his (the plaintiff's) claim. The judgment, therefore, would in such case be in favor of the defendant. But if A B, after the set-off of C D was filed, should dismiss his action and pay the costs as in this case, the action would not proceed further under that title. *That* action would be dismissed, and if the defendant desired a trial of his set-off or cross action, the justice would make the proper entry in his docket showing the dismissal of the action, the set-off of the defendant, and give it the proper title, C D v. A B, and the cause would proceed under that title, as C D would be the plaintiff in *that* action.

This court will treat all matters of mere form in justices' courts with great lenity, and no case will be reversed unless the errors are prejudicial, even if a mistake is made in the title of a case, provided the judgment is definite and specific and between the proper parties. But this rule will not be extended to deprive a party of a substantial right. The judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.

The other judges concur.