SCHULTE v. KELLY.

1. JUSTICES OF THE PEACE—APPEAL—VOLUNTARY NONSUIT.
    1 Comp. Laws 1897, § 902, which provides that a party ag-
    grieved by a judgment of nonsuit rendered by a justice of
    the peace may appeal therefrom, is construed to exclude
    cases of voluntary nonsuit, as where a plaintiff fails to ap-
    pear on the day to which an adjournment is taken.

2. APPEAL—CITATION OF CASES.
    The citation of adjudicated cases by the number and page of
    the report merely, without giving the names of the parties, is
    disapproved.

Error to Wayne; Frazer, J. Submitted April 11,
1900. Decided May 29, 1900.

*Assumpsit* by Anthony P. Schulte and another against
Ronald Kelly for money paid to defendant's use. From
a judgment for plaintiffs, defendant brings error. Re-
versed.

*Franklin L. Lord*, for appellant.

*Charles C. Stewart*, for appellees.

HOOKER, J.   Schulte sued Kelly in justice's court, sum-
mons being personally served.   Declaration and plea
were filed, and the cause was adjourned.   Upon the day
to which it was adjourned, the plaintiff did not appear,
and the cause was dismissed.   Plaintiff appealed to the
circuit court, and, upon trial before the court, obtained
judgment.   The cause is before us on writ of error.

Counsel for defendant objected to the admission of any.
testimony, on the ground that the court had no jurisdic-
tion, for the reason that the statute does not authorize an
appeal where a case is dismissed by a justice for want of
prosecution by the plaintiff.   The statute (1 Comp. Laws

1897, § 836) provides that judgment of nonsuit, with costs, shall be rendered:

1. If he discontinue or withdraw his action.
2. If he fail to appear on return of process within one hour after the same is returnable.
3. If he fail to appear within one hour after the time to which an adjournment is taken.
4. If he become nonsuited upon the trial.

Section 902 provides that any party to a judgment rendered by a justice of the peace, conceiving himself aggrieved thereby, may appeal:

1 and 2. Where a final judgment was rendered upon issue joined, either of law or fact.
3. Where defendant did not appear and plead, and final judgment was rendered for plaintiff on the merits of his claim.
4. Where a judgment of nonsuit has been rendered.

These two statutes, considered together, if literally construed, expressly allow appeals in cases of nonsuit, and declare that a judgment of nonsuit shall be entered where a plaintiff does not seasonably appear. Counsel for the defendant urges:

*First.* That this was a discontinuance by operation of law, without act of the parties, and does not amount to a judgment by the justice.

*Second.* That it is not an appealable judgment, because, being the result of the plaintiff's nonappearance, it must be treated as a voluntary submission to nonsuit.

And it is said, with much force, that if one voluntarily submits to a nonsuit, or withdraws his suit, he must begin over, and cannot appeal. It is argued that, if these points are not good, a plaintiff may commence his suit, file his declaration, and refuse to take further steps, until of necessity a judgment has been rendered against him, when he may appeal, thereby avoiding a trial by the justice in a case which, like the present, is within the exclusive jurisdiction of a justice of the peace; or, if we apply the proposition to a case which accords with plain-

tiff's statement of the facts shown in this case, after one jury has disagreed in justice's court another trial can be avoided by allowing the hour to elapse without appearance, and taking an appeal. On the other hand, it may be said that if an appeal cannot be taken where one is, without fault on his part, prevented from seasonably appearing, it may result in the loss of a claim through the running of the statute of limitations. Such cases, however, would not be numerous, and it would be no more of a hardship than any other accident which prevents timely action, and perhaps ought not to be considered against the inconsistency of a rule which, after giving a court exclusive jurisdiction in a class of cases, should put it in the power of plaintiff to effectively avoid its jurisdiction in such cases, and thereby in effect confer an original jurisdiction upon other courts, which the law has not given, but, on the contrary, has forbidden. We are of the opinion, therefore, that the defendant's contention should be sustained, unless the statute (section 902) forbids; and this conclusion can only be avoided by so construing the word "nonsuit" as to exclude such cases as this. If it can be said that the statute was intended to apply only to cases where a plaintiff suffered an involuntary nonsuit, the defendant's position is tenable. The case of *Bowne* v. *Johnson*, 1 Doug. (Mich.) 185, was, upon its facts, substantially like the present case, and it was there held, upon the authority of *Evans* v. *Phillips*, 4 Wheat. 73, that an appeal would not lie. But the statute then in force (Act No. 49, Laws 1841, § 94) was unlike the present one. It was as follows:

"SEC. 94. Any party to a judgment rendered by a justice of the peace, conceiving himself injured or aggrieved by such judgment, may appeal therefrom to the circuit court for the county where the same was rendered, in the following cases:

"*First.* Where the final judgment was rendered upon an issue of law joined between the parties.

"*Second.* Where the judgment was rendered upon an issue of fact joined between the parties, whether the

defendant was present at the trial or not, or any other final judgment of such justice: *Provided*, that no appeal shall lie where the sum claimed to be due by either party shall not exceed ten dollars." ·

The question of the right to appeal from a nonsuit under the statute now in force has been before this court several times.    In *Pattridge* v. *Lott*, 15 Mich. 251, the case was held appealable.  There, however, the justice erroneously dismissed the case against plaintiff's protest.  It was treated as a judgment of nonsuit, appealable under the statute.    In *People, ex rel. Comstock,* v. *Wayne Circuit Judge*, 30 Mich. 98, a case which was dismissed by a justice upon the ground that the summons was defective, against the consent of the plaintiff, was held appealable. In *Stall* v. *Diamond*, 37 Mich. 429, a replevin suit was dismissed for an alleged defect in the affidavit, and it was held that an appeal would lie.    These were all cases of involuntary nonsuit, and voluntary and involuntary nonsuits have always been distinguished.    6 Enc. Pl. & Prac. 828.    In the case of *Chouteau* v. *Rowse*, 90 Mo. 191 (2 S. W. 209), the difference is pointed out, and it is said that, while the former may not be appealed from, the latter may.    See, also, *Shaw* v. *Pershing*, 57 Mo. 416.

It may be said that a plaintiff cannot be compelled to become nonsuit,—*Cahill* v. *Insurance Co.*, 2 Doug. (Mich.) 124 (43 Am. Dec. 457); *Merchants' Bank of Canada* v. *Schulenberg*, 54 Mich. 49 (19 N. W. 741),— and therefore that all nonsuits are voluntary.    But this is certainly not true of a judgment of dismissal made against the protest of the plaintiff, which the defendant contends is equivalent to a judgment of nonsuit.    We think that it may justly be said that the legislators did not have in mind voluntary nonsuits when the statute was passed, but that the popular idea of a nonsuit was in mind, which ordinarily was understood to be, in common parlance, the "throwing a plaintiff out of court" by a decision of the justice upon a technical point not going to the merits, and against the plaintiff's consent.    And we think, also,

that, where a plaintiff fails to appear and prosecute his suit, his nonappearance should be held to be voluntary. Neither the opposite party nor the justice is responsible for it, and he stays away with the full knowledge of the legal consequences.    The merits of his case are in no way compromised.    If he is unavoidably absent, the misfortune is his, rather than another's, and usually his right to bring another action is ample protection.

Other authorities tending to support the views herein expressed are cited in the defendant's brief, though without giving the names of parties,—a practice which is productive of confusion, and a nonobservance of our rules.[1]

The learned circuit judge should have sustained the objection to the admission of proof, as the case was not appealable.

The judgment is reversed, and no new trial ordered.

MOORE, LONG, and GRANT, JJ., concurred.    MONTGOMERY, C. J., did not sit.

---

[1] Among the authorities so cited were:  *Ewing* v.  *Glidwell*, 3 How. (Miss.) 332 (34 Am. Dec. 96) ;  *Copeland* v.  *Mears*, 2 Smed. & M. 521;  *Thornton* v.  *Demoss*, 5 Smed. & M. 618;  *Greenlee* v.  *M'Coy*, 30 Miss. 588;  *Poe* v.  *Dominic*, 46 Mo. 113;  *Boggess* v.  *Cox*, 48 Mo. 278;  *Imley* v.  *Beard*, 6 Cal. 666;  *Sleeper* v.  *Kelly*, 22 Cal. 456;  *Boyd* v.  *Kienzle*, 46 Md. 301;  *State* v.  *Bryan*, 3 Gill, 397;  *Anderson* v.  *Presbyterian Church*, 13 Fla. 592;  *Tice* v.  *Smith*, 6 Yerg. 319.