### F. A. HAIRE *v.* M. J. PERRY.

May Term, 1902.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON and HASELTON, JJ.

Opinion filed August 25, 1902.

*Judgment of justice—Non-suit—Right of appeal.*

When a plaintiff appears in a suit before a justice and remains in court, no judgment, not consented to, can be rendered against him which will deprive him of an appeal.

GENERAL ASSUMPSIT commenced before a justice of the peace. The defendant's motion to dismiss the plaintiff's appeal was overruled at the March Term, 1902, Chittenden County, *Stafford*, J., presiding. The defendant excepted.

*Leon D. Latham* and *Brown & Macomber* for the defendant.

No appeal lies from the judgment of a justice in a civil case when judgment is rendered by non-suit. V. S. 1298. Non-suit is capable of three interpretations:

1. Verdict directed by the court when plaintiff fails to appear when called.

2. Verdict entered by the plaintiff himself, by leave of court, when he wishes to reserve the right to bring another suit.

3. Verdict directed by the court when plaintiff fails to make out a case, neglects to proceed to trial when called, or is misjoined.

Non-suit in the sense of all three of these interpretations existed under the Common Law of England when it was adopted by this state in 1787. *Lindon* v. *Hooper,* Cowp. 414; *Edwards* v. *Bailey, Id.* 597; *Paxton* v. *Popham,* 10 East 366; *Atkinson* v. *Pocok,* 1 Exch. 796; *Evans* v. *Phillips,* 4 Wheat. 73; *Searls* v. *Thompson,* 18 Minn. 316; *Gottstein* v. *St. Jean,* 79 Minn. 232; *Yell* v. *Outlaws,* 14 Ark. 621; *Mallory* v. *Taylor,* 90 Va. 348; 17 How. Proc. 432.

Plaintiff's acts were an implied consent to the non-suit. 1 Sand. 195, and note.

This court will not allow the plaintiff to use his appellate privilege to abridge and annul the power of the justice to hear and determine the case. *Haverly* v. *Mercur,* 78 Pa. St. 257; V. S. 1040; *State* v. *Wakefield,* 60 Vt. 618; 2 Bouvier's Law Dict. 511.

*C. G. Austin* for the plaintiff.

The plaintiff elected to waive trial in the justice court, allowing the defendant to have judgment, and take his appeal. This the defendant insisted he could not do, and caused the justice to make the record as it appears in the exceptions. The case was appealable. V. S. 1298. If the justice had rendered a judgment of non-suit, the case would have been appealable. *Smith* v. *Crane,* 12 Vt. 487. Under the circumstances of this case, a judgment of non-suit could not properly have been entered.

Munson, J. The plaintiff appeared but declined to proceed, and the justice dismissed the suit for want of evidence. Was the plaintiff entitled to an appeal?

V. S. 1286 fixes the time for appearance, and provides that judgment may be entered on non-suit or default against the party who does not appear. V. S. 1298 provides that no appeal shall be allowed when a judgment is rendered by non-suit or default. It is said in *Smith* v. *Crane,* 12 Vt. 487, that

a non-suit is a neglect of the plaintiff to appear and prosecute his suit, or a voluntary withdrawal from the suit after appearance. The defendant contends that, if the plaintiff appears and fails to prosecute, it amounts to a voluntary withdrawal and justifies an entry of non-suit. It is true that in most courts a judgment of non-suit is proper upon a failure to prosecute after appearance. But we think that in the statute regulating appeals in justice cases the term has reference only to the want of appearance, and that when the plaintiff appears and remains in court, no judgment not consented to can be entered against him that will disentitle him to an appeal. We understand that our justice practice has always been in accordance with this view.

*Judgment affirmed, and cause remanded.*