CHARLES SEVERANCE *v.* THOMAS ELLIOTT.

May Term, 1903.

Present: TYLER, START, WATSON and STAFFORD, JJ.

Opinion filed August 12, 1903.

*Ram—Owner's initials—V. S. 4799—Justice judgment—Appeal.*

Marking a ram with a single initial of the owner's name is not a compliance with V. S. 4799.

When a plaintiff appears in a suit before a justice, and, refusing to proceed, directs the justice to render judgment for the defendant and asks for an appeal, the judgment so rendered is upon the merits, and the appeal is properly allowed.

DEBT under V. S. 4798, 4800. Plea, the general issue. Trial by jury at the June Term, 1902, Windham County, *Haselton,* J., presiding, Verdict for plaintiff. Defendant's motion in arrest overruled. Judgment on verdict. The defendant excepted.

*J. C. Enright* and *Edw. R. Buck* for the defendant.

The judgment was a non-suit, because it was entered with plaintiff's consent.

The object of the statute is satisfied by marking the ram with a single letter. V. S. 2 should apply. The statute is penal and should be strictly construed. *Farnsworth* v. *Goodhue*, 48 Vt. 209.

*Gilbert A. Davis* for the plaintiff.

The purpose of the statute in requiring the animal to be marked is to identify its owner. This could not be accomplished by using a single initial.

The proceedings before the justice were in accordance with law and practice, when one party "gives judgment and appeals."

START, J.  The action is debt to recover a penalty under V. S. 4800, which provides that, if a ram is found at large out of the enclosure and possession of its owner or keeper between the 1st day of August and the 1st day of December, without being marked as provided in V. S. 4799, the owner or keeper shall forfeit to the person taking and securing it five dollars. V. S. 4799 provides that the owner or keeper of a ram shall, on or before the first day of August in each year, place on its body, in durable and legible characters, the initials of his name. It appearing that the only mark on the ram in question was the letter "E," and that its owner's name was Thomas H. Elliott, the Court instructed the jury that this was not a compliance with the statute. In this there was no error. V. S. 4797 provides that rams shall not be allowed to go at large between the first day of August and the first day of December, and subjects the owner or keeper to liability for damages sustained in consequence of his ram going at large during such time; and V. S.

4798 subjects him to a penalty if his ram is found without his enclosure with sheep other than his own. In view of these provisions, it is clear that the purpose of the statute requiring the owner or keeper of a ram to place thereon the initials of his name, was to furnish means of identifying the owner or keeper of a ram found going at large and with sheep other than those of the owner or keeper of the ram; and that one initial of the name of the owner or keeper would not serve the purpose of the enactment. That part of V. S. 2, which provides that the plural number may be applied as if singular, has no application here, for, as we have seen, one of several initials representing a man's name would not serve the purpose of the enactment. We therefore hold that the initial of a man's surname is not the initials of his name, within the meaning of the statute, and it is not in compliance with its requirements.

After verdict, the defendant moved in arrest of judgment, and in support of his motion, relied upon the following facts: At the justice trial the defendant entered a plea of not guilty, and a jury was partly empaneled, when the plaintiff refused to proceed further with the trial, and directed the justice to enter judgment for the defendant to recover his costs, and asked for and was allowed an appeal. The defendant insists that, while the record shows a judgment in form upon the merits, it was in fact a non-suit. This contention is not sustained. By V. S. 1286, a justice is authorized to enter a judgment on non-suit only when the plaintiff does not appear within two hours from the time fixed in the writ for trial, or within two hours from the time fixed for trial by a continuance. When a party plaintiff seasonably appears in a Justice Court, and does not withdraw his appearance, a judgment of non-suit cannot be

entered without his consent. *Haire* v. *Perry*, 74 Vt. 476, 52 Atl. 1033. V. S. 1298 prohibits the taking or allowance of an appeal from a judgment rendered by non-suit. It is to be presumed that the plaintiff, in doing what he considered necessary to be done in order to remove the cause from the Justice Court to the County Court by appeal, knew of this statute, and that he did not intend, by what he said, to request the entry of a judgment from which no appeal could be taken. It may also be presumed that the defendant and the justice knew that no appeal could be taken from a judgment rendered by non-suit; and, from the fact that the justice rendered a judgment in form upon the merits of the cause, and allowed an appeal without objection on the part of the defendant, it may fairly be inferred that neither the justice nor the defendant understood that the plaintiff consented to a non-suit. It is therefore considered that the record does not show that the plaintiff consented to have judgment of non-suit rendered against him, and that the appeal was rightfully allowed.

The view we have thus taken of what was said and done at the justice trial is sustained by the reasoning and holding of this Court in *State* v. *Little*, 42 Vt. 430. In that case it appeared that the respondent entered a plea of guilty in the Justice Court, and claimed and was allowed an appeal. The statute then, as now, prohibited the taking or allowance of an appeal in criminal causes when the respondent pleaded guilty, but the Court held that the appeal was properly allowed. BARRETT, J., in delivering the opinion of the Court, said: "In civil causes it is every day practice for the one party or the other to 'give judgment and appeal,' as the stereotyped phrase is, without any hearing or pleadings, and yet I think it never occurred to any one that a party thus yielding to the claim of the other side, and having a judgment rendered against him to that

effect, was or could be precluded from his right of appeal. The reasons for taking such a course in a criminal prosecution, where the justice has concurrent jurisdiction with the County Court, and the right of appeal is provided for, are just as numerous and just as cogent as in civil causes; and it would seem difficult to assign a reason why there should be any difference in this respect between the two classes of cases."

*Judgment affirmed.*