WALMSLEY *v.* BOWMAN.

1. JUSTICES OF THE PEACE—COSTS—SECURITY — FAILURE TO FUR-
NISH—EFFECT AS NONSUIT.

Failure of a plaintiff in justice's court to furnish security for
costs when ordered is his own voluntary act and leaves no
discretion to the justice but compels a judgment of nonsuit,
there being no sufficient showing for an adjournment.

2. SAME—APPEALS—DISMISSAL—VOLUNTARY NONSUIT.

An appeal from a judgment of nonsuit entered in justice's
court on plaintiff's failing to furnish security for costs as
ordered is properly dismissed, the nonsuit being voluntary.

Error to Livingston; Miner, J. Submitted January
17, 1908. (Docket No. 83.) Decided March 17, 1908.

Assumpsit in justice's court by David L. Walmsley
against Edward A. Bowman for work and labor. Judg-
ment of nonsuit was entered in favor of defendant, and
plaintiff appealed to the circuit court. There was an
order granting a motion to dismiss the appeal, and plain-
tiff brings error. Affirmed.

*D. D. Harger* and *Alex. J. Groesbeck*, for appellant.
*William P. Van Winkle*, for appellee.

BLAIR, J. This case was commenced in justice's court
in the township of Howell, Livingston county, Michigan,
before Richard D. Roche, justice of the peace, by sum-
mons issued June 7, A. D. 1907. On June 17, A. D.
1907, the return day of the summons, plaintiff, a non-
resident, appeared by his attorney, and defendant by his
attorney. Plaintiff declared verbally. The defendant
demanded that plaintiff be required to file security for
costs and also a bill of particulars of his claim, both of
which were ordered to be filed, by the court, and, there-

upon, the cause was adjourned until July 9, 1907, at ten o'clock in the forenoon. On July 9th, as appears by the return of the justice, both parties appeared. Plaintiff moved for further adjournment of said cause, no security for costs having been yet filed. Defendant resisted this motion, for the reason that no security for costs had been filed, as ordered by the court, and that no proper showing had been made by said plaintiff for said adjournment. It appearing to the court that said plaintiff was a nonresident of the county of Livingston, and that no proper showing for an adjournment had been made, the motion for adjournment was denied; whereupon, the defendant being ready for trial, and the plaintiff not being ready, and after a delay of one hour not yet being ready, and refusing to proceed with the same, said cause was dismissed and a judgment of nonsuit was rendered in favor of the defendant, Edward A. Bowman, and against the plaintiff, David L. Walmsley, for the costs of the suit, taxed at the sum of two dollars.

The cause was in due time regularly appealed to the circuit court where, upon motion of defendant, it was dismissed upon the ground that the judgment in justice's court was a voluntary nonsuit and, therefore, not appealable.

The sole question for our consideration is, whether the circuit judge erred in determining that the nonsuit was voluntary. We are of the opinion that the decision of the circuit judge was correct. *Schulte* v. *Kelly*, 124 Mich. 330.

The failure of the plaintiff to prosecute his suit by filing security for costs was as much voluntary as his failing to appear or to declare would have been, and left no discretion to the justice but compelled a judgment of nonsuit.

The judgment is affirmed.

GRANT, C. J., and MOORE, CARPENTER, and MCALVAY, JJ., concurred.