## JACKSON v. BERNDT.

Plaintiff, in an action before a justice of the peace, which was dismissed, with costs, for plaintiff's failure to prosecute, has a statutory right to appeal and demand a trial de novo in the circuit court.                                                                           ,

The order of a justice of the peace, dismissing an action and taxing costs against plaintiff, is a "final judgment," from which an appeal may be taken as authorized by Justices' Code, § 99.

A motion to dismiss an appeal from a justice of the peace is ineffective where six days' written notice thereof was not served, the objection not being based on want of jurisdiction.

(Opinion filed, Oct. 11, 1909.)

Appeal from Circuit Court Gregory County. Hon E. G. SMITH, Judge.

Action by Graydon B. Jackson against Paul H. Berndt. Judgment for plaintiff, and defendant appeals. Affirmed and remanded.

*Edwin M. Starcher,* for appellant. *R. R. Hazen and W. J. Hooper,* for respondent.

McCOY, J. This action was originally commenced in justice's court. Both parties appeared before the justice on February 21, 1907, the return day of the summons. Plaintiff filed his complaint, and defendant made answer thereto. By stipulation of the parties the case was continued until March 5, 1907, at 10 o'clock a. m., at which time defendant appeared in person and by attorney; the plaintiff failing to make any appearance whatever. After waiting one hour the defendant moved that the action be dismissed for want of prosecution, which motion was granted. The justice dismissed the action without prejudice, and taxed $12.55 costs against the plaintiff. In due time the plaintiff appealed to the circuit court on questions of fact alone, and demanded trial de novo in the circuit court. On the call of the calendar at the next term of the circuit court the defendant moved

to dismiss the appeal for the following reasons: (1) That said action was dismissed in justice court below for plaintiff's failure to prosecute the action, and costs taxed to plaintiff, and therefore not appealable on questions of fact; (2) that no appeal will lie from an order of the justice of the peace dismissing an action for want of prosecution and taxing costs to plaintiff; (3) that there is no proper undertaking upon appeal for costs. The court denied defendants motion to dismiss the appeal, and defendant duly excepted. This ruling of the circuit court is now urged as error. We are of the opinion that the ruling of the learned trial court was clearly correct. The plaintiff had the right, under the statute of this state, to appeal from this default judgment, and demand and have a trial de novo in the circuit court. The order of the justice dismissing the action and taxing costs against plaintiff was a final judgment, with the same effect, so far as taking an appeal is concerned, as if the justice had made the same order after having heard all the evidence, and made the dismissal on the merits. Rev. Justices' Code, § 99; Perrott v. Owen, 7 S. D. 454, 64 N. W. 526; Wimsey v. McAdam, 12 S. D. 509, 81 N. W. 884; Hewett v. Currie, 63 Wis. 386, 23 N. W. 884. The plaintiff, appellant from justice to circuit court, gave an undertaking sufficient to confer jurisdiction on the circuit court. It is only motions based on want of jurisdiction that may be made or entertained without previous notice to the opposite party. All other motions should be upon the statutory six days' written notice. It appears from the record that no previous written notice was served on the respondent, and the ruling of the trial court was therefore proper.

Finding no error in the record, the judgment of the circuit court is affirmed, and the cause remanded to that court for further proceedings.

SMITH, J., took no part in this decision.