JOHNSON v. JOHNSTON–COUTANT CO. et al.

(First Division. Juneau. January 11, 1912.)

No. 854A.

JUSTICES OF THE PEACE (§ 147*)—APPEAL—JUDGMENT APPEALABLE.
     Plaintiff sued the defendant in justice court. His attorney appeared at the time set for trial and asked leave to file an amended complaint. Defendant filed an answer instanter and demanded trial. Plaintiff's attorney asked for a continuance, and, it being denied, left the courtroom. At the end of the hour the justice entered judgment dismissing the action and taxing costs against the plaintiff. Plaintiff appealed to the district court, and on motion of defendants there to dismiss the appeal, upon the ground that the court is without jurisdiction because the appeal is from a judgment entered by confession, *held*, that it is a judgment for want of an answer, and not one by confession, and therefore appealable under the Alaska Code.

     [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 493–501; Dec. Dig. § 147.*]

This is an appeal prosecuted by the plaintiff from a judgment entered in the commissioner's court for the precinct of

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

Juneau, on the 29th day of May, 1911. The judgment is as follows:

"This matter having come on for trial at 2 p. m. of this day, and plaintiff appeared by his attorney, J. H. Cobb, Esq., and defendants appearing by Shackleford & Bayless, their attorneys; and plaintiff applied for leave to file an amended complaint here, which leave was granted, and defendant thereupon announced instanter that they were ready to file an answer to the amended complaint, and did file the same, announcing that they were ready for trial, whereupon this plaintiff, by his attorney, applied for a continuance orally, but . declined to reduce the application to writing, and the court called the case for trial, whereupon plaintiff's attorney departed from the courtroom, announcing that he would have nothing to do with the trial, whereupon the court waited until 3 p. m., and neither the plaintiff nor his attorney appearing, the defendants being ready for trial: It is now therefore ordered, considered, and adjudged that the plaintiff take nothing by his complaint herein, and that the defendants be dismissed herefrom and have and recover from the plaintiff herein their costs and disbursements herein laid out and expended, taxed at $19 and other costs of court taxed at $12.70. Done in open court this 29th day of May, 1911."

The defendants now move to dismiss the appeal for the reason that this court is without jurisdiction to determine the action because no appeal lies from such a judgment as the one entered by the commissioner herein.

John H. Cobb, of Juneau, for appellant.
Shackleford & Bayless, of Juneau, for respondents.

LYONS, District Judge. Section 995 of our statute, found on page 346 of Carter's Annotated Alaska Codes, provides as follows:.

"Either party may appeal from a judgment given in a justice's court in a civil action, when the sum in controversy is not less than fifty dollars, or for the recovery of personal property of the value of not less than fifty dollars, exclusive of costs in either case, except when the sum is given by confession or for the want of an answer, as prescribed in this chapter, and not otherwise."

It is conceded in this case that the amount in controversy is sufficient to give the court jurisdiction, but it is contended that the judgment entered by the commissioner is one which in law amounts to a judgment by confession. Chapter 97, tit. 2, pt. 4, Carter's Annotated Alaska Codes, governs appeals from

justice's or commissioner's courts to the district court of Alaska, and such chapter is identical with the laws of the state of Oregon, governing appeals from justice's to circuit courts in that state at the time the same were construed by the Supreme Court of the state of Oregon prior to the passage of the act of Congress, of which chapter 97 is a part. In the case of Odell v. Gotfrey, 13 Or. 466, 11 Pac. 190, the Supreme Court of the state of Oregon held that the chapter governing appeals from justice's to circuit courts in the state of Oregon was ample in itself; in fact, section 995, heretofore quoted, provides that appeals shall be taken in accordance with chapter 97 and not otherwise.

The only question to be determined, therefore, is whether or not the judgment entered by the commissioner is a judgment for want of an answer or is one given by confession. In all other cases where the amount in controversy is sufficient, an appeal will lie from the commissioner's court to the district court.

It is contended by the defendants that the judgment is one of confession or voluntary nonsuit; hence an appeal will not lie; and, to sustain their contention, the defendants cite Bowne v. Johnson, 1 Doug. (Mich.) 185. In that case the plaintiff failed to appear on the day set for trial, and the court construed his nonappearance as equivalent to a voluntary abandonment of his suit, and therefore held that the judgment was not such a final judgment as was contemplated by the Michigan statute, from which an appeal would lie. The defendants also cite the case of Schulte v. Kelly, 124 Mich. 330, 83 N. W. 405. In that case, also, the plaintiff failed to appear on the day set for trial, and the court held that the Michigan statute granting a right of appeal from a nonsuit meant a judgment of involuntary nonsuit. A careful reading of the opinion, however, will disclose the fact that the court was largely influenced by the fact that that case was one where the justice's court had exclusive jurisdiction, and, if a contrary view were taken, a party could render nugatory the statute which gave the justice's court exclusive jurisdiction over certain causes of action, because the plaintiff might merely institute the action

in the justice's court without any intention of prosecuting the case in that court, and, when judgment was rendered against him, prosecute an appeal to the circuit court, although the circuit court would not have original jurisdiction of the action. The same reasoning does not apply in this case, for it must be conceded that this action could have been instituted in this court in the first instance. Furthermore, it is apparent in the last two cases that the plaintiff did not even appear on the day set for trial, a circumstance which would warrant the court in the belief that he had abandoned his case and was willing to consent to a dismissal or a nonsuit.

The defendants further cite the case of Walmsley v. Bowman, 151 Mich. 553, 115 N. W. 686. That case is also from the state of Michigan, and the court, in concluding, uses the following language:

"The sole question for our consideration is whether the circuit court erred in determining that the nonsuit was voluntary. We are of the opinion that the decision of the circuit judge was correct. Schulte v. Kelly, 124 Mich. 330 [83 N. W. 405]. The failure of the plaintiff to prosecute his suit by filing security for costs was as much voluntary as his failing to appear or to declare would have been, and left no discretion to the justice, but compelled a judgment of nonsuit."

In that case plaintiff was a nonresident. The statute required that a nonresident file an undertaking for costs. An order was entered by the justice requiring the plaintiff to comply with the law, on motion of the defendant, which order the plaintiff failed or refused to obey, and the court held that the plaintiff's failure to comply with the plain provisions of the law must be construed against him, and therefore held that the plaintiff's action in refusing to proceed with the cause at the time it was called for trial, and further refusing to file the required bond for costs, was tantamount to a confession on his part that judgment of voluntary nonsuit should be entered against him.

The defendants also cite Norton v. Petrie, 59 Conn. 200, 20 Atl. 199. A careful reading of the opinion, however, discloses the fact that the section of the statute providing what cases may be appealed from justice's court in the state of Connecti-

cut is materially different from our section heretofore refer-
red to. The court in that case said:

"It was in fact and in effect, as the justice called it, a judgment
of nonsuit. Does an appeal lie from such a judgment? is the next
question. The statute provides that in all civil actions, except those
by summary process, brought before a justice of the peace, an ap-
peal from any judgment rendered therein upon any issue may be
had, and allowed to either party."

In that case the court held that no issue had been determined
by the justice's court, and therefore an appeal would not lie;
but our statute does not make the determination of some issue
in the action by the justice's court a condition precedent to an
appeal, for it provides that appeals lie from all cases where
the amount in controversy is sufficient, except those by con-
fession or for want of an answer. It will be conceded in this
case that there could be no judgment for want of an answer
or for want of any other pleading, but it is insisted that the
judgment is equivalent to a judgment of voluntary nonsuit or
confession.

In Everton v. Smith, 1 Alaska, 422, Judge Wickersham held
that the failure on the part of the defendant to appear on the
day for the trial was equivalent to a waiver of his answer, and
therefore that an appeal would not lie to the district court.
In that case the court used the following language:

"This section does not require the defendant to file a formal an-
swer; it expressly excuses him from so doing; but it does require
that he file his proofs, and that he did not do in this case. His
answer will not be permitted to take the place of the proofs im-
peratively required by statute. To give the answer of the defendant
the force and effect that he now desires would be to degrade, if not
destroy, the jurisdiction of the justices' courts. The failure of the
defendant to appear at the time fixed in the summons, or within
the hour given by section 1012 of the Code, was such a default up-
on his part as would justify the justice in hearing the evidence of
the plaintiff upon his claim, and rendering judgment as he did.
The defendant was in default for want of appearance and evidence,
and, by his refusal and neglect to attend at the time fixed by law,
must be deemed to have abandoned his formal pleading, which
would leave him without an answer. It will not do to say that,
by the mere filing of the paper in the justice's court, no judgment
could be taken against him upon his nonappearances within the
time limited by law. This court will not permit a defendant to file
an answer in the justice's court, and then refuse to try his case in

that court, and bring it to this court to try it for the first time upon the merits. It must be tried in the court provided by law for that purpose."

In that case the defendant failed to appear in the justice's court on the day set for the trial, and the court held that such failure must be construed as a waiver of his answer, and hence under the statute an appeal would not lie. Can the same be said, however, of the action of the plaintiff in this case? Counsel for the plaintiff appeared at the time set for the trial and applied for a continuance. The application was made orally, and evidently the court deemed the application insufficient to warrant the granting of same, and ordered the trial to proceed. Can it be assumed, under such state of facts, that the plaintiff's actions amounted to a confession of judgment or to a voluntary nonsuit? It is not necessary to determine whether or not his application for a continuance was well taken; in fact, it must be assumed, in the absence of proof to the contrary, that the court committed no error in denying the motion for a continuance; but may not the fact that the application was made, although the showing was insufficient to warrant the same, be considered as bearing upon the intent of the plaintiff with reference to his realizing the necessity of submitting to either a voluntary nonsuit or confessing the judgment which was entered against him?

Affidavits have been filed by counsel for the defendants and counsel for the plaintiff as to what transpired at the time the case was called for trial in the commissioner's court, but the court must accept the record of the justice as conclusive evidence of what transpired.

In re Haire v. Perry, 74 Vt. 476, 52 Atl. 1033, the Court said, among other things:

"The defendant contends that if the plaintiff appears and fails to prosecute, it amounts to a voluntary withdrawal, and justifies an entry of nonsuit. It is true that in most courts a judgment of nonsuit is proper upon a failure to prosecute after appearance. But we think that in the statute regulating appeals in justice cases the term has reference only to the want of appearance, and that, when the plaintiff appears and remains in court, no judgment not consented to can be entered against him that will disentitle him to an appeal."

It may be said that, in the case at bar, plaintiff's counsel did not remain in the courtroom after the court overruled the motion for continuance and ordered the trial to proceed. He did, however, appear at the time set for trial and move for a continuance, which motion was denied. Is it not fair to infer, when nothing to the contrary appears, that the plaintiff considered himself unable to go to trial at that time; and while the court must assume that the ruling of the commissioner's court, in denying the motion for continuance, was correct, yet the fact that the motion was made indicates that the plaintiff did not desire to submit to a voluntary nonsuit or to confess judgment which was entered against him.

In re Hewett v. Currier, 63 Wis. 386, 23 N. W. 884, among other things, the court said:

"Affidavits were presented to show that neither the plaintiff in person nor Mr. McBride for him appeared as stated in the return of the justice, but that Mr. McBride met the justice in the street and handed to him said complaint. The return of the justice is conclusive on this point until amended by further return, showing that there was no appearance or filing of the complaint at the hour fixed. * * * The authorities cited by the learned counsel for the respondent show this to be the rule. It is contended by the learned counsel of the appellant that an appeal will not lie from such a judgment dismissing the complaint for want of prosecution. The record does not show the reason why the plaintiff did not appear within the hour to offer his proofs, so that it cannot be said that this judgment is equivalent to a voluntary nonsuit or discontinuance. We know of no reason, and have been cited to no authority, why the plaintiff may not appeal from a judgment so rendered."

"A defendant in a case before a justice of the peace, who has appeared 'at the return day of the summons' or attended 'at the time to which a trial has been adjourned,' and has made the necessary bill of particulars, will not be entitled to have the judgment against him set aside, as provided in section 1001 of the Civil Code, nor will he be denied the right of appeal." Cleghorn v. Waterman, 16 Neb. 226, 20 N. W. 636.

"Where the transcript of a justice's docket shows that the parties were present at the trial, this court will not presume that judgment was rendered by default." Rawalt v. Brewer, 16 Neb. 444, 20 N. W. 391.

"A party who appears in the case at the trial before a justice of the peace may appeal to the district court, although he offered no affirmative proof." Baier v. Humpall, 16 Neb. 127, 20 N. W. 108; Smith v. Borden, 22 Neb. 487, 35 N. W. 218.

"Where, on call for trial before a justice of the peace, plaintiff was absent, and the case was dismissed, there was a final deter-

mination of the action; and plaintiff could appeal from the order of dismissal, and was not bound to institute action anew before the justice." Horn v. McKinnon, 78 Miss. 307, 29 South. 149; Crippen v. Church, 17 Neb. 304, 22 N. W. 567; Moore Mayfield Co. v. Missouri, K. & T. Ry. Co., 35 Tex. Civ. App. 607, 80 S. W. 881; Jackson v. Berndt, 24 S. D. 14, 123 N. W. 76; Howard v. Jay, 25 Neb. 279, 41 N. W. 148.

The right of appeal is a substantial right granted to any dissatisfied litigant who feels himself aggrieved by the judgment, and, before a court should declare that a party has lost his right of appeal by conduct which is contended amounts to a voluntary nonsuit or a confession, the record should be such as to prevent any other reasonable conclusion than that the appellant had abandoned his cause before the justice, submitted to voluntary nonsuit, or confessed the judgment that was entered. The record in this case warrants the inference that the plaintiff, by applying for a continuance, did not consider himself able to go to trial at that time, and, although his showing for a continuance may have been entirely insufficient, yet the fact that he did appear and apply for a continuance warrants the conclusion that he did not intend to submit to a voluntary nonsuit or confess the judgment that was entered against him.

Let an order be entered overruling the motion to dismiss the appeal.