THOMAS BURRIS, p. b. a., *vs.* JENNIE BOONE, d. b. r.

JUSTICES OF THE PEACE—APPEAL—JUDGMENT APPEALABLE—JUDGMENT OF NONSUIT.

Under *Rev. Code* 1852, amended to 1893, *p.* 754 (18 *Del. Laws, c.* 99) § 24, allowing appeals in any case where any part of plaintiff's demand or defendant's counterclaim exceeding five dollars "is disallowed (or defalked) by the justice", an appeal will not lie from a judgment of nonsuit and for costs, entered against plaintiff on his failure to appear; it being necessary that there be some proof of an alleged claim and its disallowance to an amount exceeding five dollars.

(*April* 24, 1913.)

Judges BOYCE and CONRAD sitting.

*Arley B. Magee* for appellant.

*Thomas C. Frame, Jr.*, for respondent.

Superior Court, Kent County, April Term, 1913.

APPEAL from a justice of the peace (No. 14, April Term, 1913). Motion to dismiss the appeal from a judgment on nonsuit, on the ground that the transcript filed did not disclose a case within the contemplation of the statute authorizing appeals from justices of the peace. Appeal dismissed, and case remitted. Judgment for respondent for costs. The facts and contentions appear in the opinion of the court.

BOYCE, J., delivering the opinion of the court:

This is a motion to dismiss an appeal from a judgment of nonsuit and for costs entered by a justice of the peace, on the ground that the transcript does not disclose a case within the statute authorizing an appeal to this court.

*Section 24, Chapter* 99, *Revised Code* (1893) 754, as amended, provides that "appeals shall be allowed from judgments, given by justices of the peace to the Superior Court as follows: First, for every judgment given by the justice, without referee trial, to an amount exceeding five dollars, exclusive of costs, the party against whom such judgment shall be given, may appeal; or in case any part of the plaintiff's demand, or of the defendant's counterclaim or set-off, exceeding five dollars, is disallowed (or defalked) by the justice, such plaintiff, or defendant, may appeal," etc.

The certified transcript of all the docket entries, filed by the plaintiff, the appellant, in accordance with *Section* 26 of said chapter, shows that his action was in assumpsit on a book account for goods and merchandise sold and delivered, etc., and that the sum demanded was two hundred dollars; that summons was properly issued and served personally on the defendant, the service being duly verified; that on the return day of the summons, the plaintiff failed to appear, but the defendant appeared and claimed judgment of nonsuit, whereupon the justice entered a judgment of nonsuit against the plaintiff and for costs in the sum of four dollars and forty-two cents.

In the case of *Pepper v. Warren*, 2 *Marv. (Del.)* 225, 43 *Atl.* 91, it was held that an appeal will lie from a judgment of nonsuit and for costs rendered by a justice of the peace if the record shows the disallowance of a claim exceeding five dollars.

The court said: "The meaning of 'defalked' is a lopping off, or a reduction, to some extent, of a claim which is proved, whether it be from a claim made and proved by the plaintiff, or from a set-off made and proved by the defendant. The word 'defalked' implies proof of an alleged claim, proof of some amount from which the defalcation is to be made * * * so that when it may appear * * * sufficiently, in legal contemplation that the plaintiff has stated the amount of his claim in his cause of action before the justice, and the justice, after hearing the proofs and allegations on both sides, has rendered a judgment in favor of the defendant for costs, and thus rejected the claim of the plaintiff, in the language of the statute, disallowed his claim, to an amount exceeding five dollars; in such case an appeal will lie to this court."

In that case, the justice, after having heard the parties, their proofs and allegations, etc., entered a nonsuit and gave judgment against the plaintiff for the sum of three dollars and forty cents, costs of suit. In other words there was an appearance of the parties and a hearing on the merits.

[1] In the case now before the court, the plaintiff failed to appear, and judgment of nonsuit and for costs was entered against him for nonappearance. Is such a judgment a disallowance of

the plaintiff's claim, which exceeded five dollars, within the contemplation of the statute?

In *Bowne v. Johnson*, 1 *Doug. (Mich.)* 185, it was held that the legal effect of plaintiff's failure to appear was an abandonment of his action which operated as a discontinuance of the action, and that an appeal would not lie from a judgment entered on the voluntary abandonment by the plaintiff of his action.

In the *Pepper-Warren case, supra,* the plaintiff suffered an involuntary nonsuit. In the case before us the nonsuit may be said to be voluntary, and as between the two kinds of nonsuits, the courts have always distinguished. 6 *Ency. Pl. & Prac.* 828.

As was said in the case of *Schulte v. Kelly*, 124 *Mich.* 330, 83 *N. W.* 405, if the plaintiff fails to appear, "neither the opposite party nor the justice is responsible for it, and he stays away with the full knowledge of the legal consequences. The merits of his case are in no way compromised. If he is unavoidably absent, the misfortune is his, rather than another's, and usually his right to bring another action is ample protection."

Our opinion is that the statute does not contemplate an appeal from a judgment of nonsuit rendered, as in this case, for failure of the plaintiff to appear. We adhere to the *Pepper-Warren case*, in holding that the statute authorizing appeals from justices of the peace implies the necessity of some proof of an alleged claim, and a disallowance thereof by the justice, in whole, or part, to an amount exceeding five dollars. The case before us, the plaintiff failing to appear and make some proof of his claim, does not, therefore, come within the requirement of the statute, and the plaintiff's remedy is not by appeal.

The appeal is dismissed and it is ordered that the record be remitted to the justice, and judgment is given the respondent for costs.