HARRY T. FANNING, d. b. a., vs. WILLIAM A. MILLER, p. b. r.

JUSTICES OF THE PEACE—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY.

Under *Rev. Code* 1852, amended to 1893, *p.* 754, *c.* 99, § 24 (11 *Del. Laws*, *c.* 225, § 2), allowing appeals from judgments of justices of the peace, and providing that, where any part of plaintiff's demand or defendant's counterclaim exceeding fifteen dollars is disallowed, such party may appeal, a counterclaim and its disallowance or reduction are jurisdictional facts to be shown by the record, where appellate jurisdiction exists only because such claim was made and disallowed or defaulted; and hence, where the record in such case showed only a judgment for plaintiff for less than fifteen dollars, that the counterclaim was not disallowed or defaulted, that no evidence was offered to support it, and that it was not so presented as to conclude defendant by a decision for plaintiff, defendant's appeal would be dismissed.

(<em>January</em> 30, 1914.)

Judges CONRAD and WOOLLEY sitting.
*Frank L. Speakman* for appellant.
*Julian C. Walker* for respondent.
Superior Court, New Castle County, January Term, 1914.

APPEAL (No. 87, January Term, 1914) from a judgment of a

justice of the peace by the defendant below. The judgment was entered on the report of referees for the full amount of the plaintiff's claim. The defendant filed a written plea of set-off before the justice for a claim in excess of plaintiff's demand, but did not produce evidence before the referees in support of the plea, and the counterclaim was not considered by the referees. On a motion to the court to dismiss the appeal, it was contended that the counterclaim was not presented to the referees, and was neither considered nor disallowed by them, and that therefore, the judgment for the plaintiff being less than fifteen dollars, the appeal is not allowable. The appeal was dismissed for reasons appearing in the opinion of the court.

WOOLLEY, J., delivering the opinion of the court:

It appears, by the justice's transcript, that in the trial of this case below the defendant filed a written plea of counterclaim or set-off for an amount in excess of the amount demanded by the plaintiff, and that, upon the award of referees, judgment was entered for the plaintiff for eight dollars and twenty-five cents, being the full amount of his demand. Aside from these entries, the justice incorporated in his record a lengthy recital of what happened and what did not happen at the trial respecting the matter of set-off pleaded by the defendant, to the effect that, after the written plea of set-off was filed, nothing further was done with it by the defendant, either in founding a claim upon it or in producing evidence to support it, that testimony was heard by the referees in support of the plaintiff's claim alone, and that the matter of the defendant's counterclaim or set-off was neither presented to, considered, "disallowed or defalked" by the referees.

The plaintiff below moves to dismiss the appeal upon the ground that the record shows that the counterclaim or set-off of the defendant was not disallowed or defalked and therefore the case is not within the appellate jurisdiction of this court.

The jurisdiction of the Superior Court to entertain an appeal from a judgment of a justice of the peace is conferred by a statute that provides, among other things, that "appeals shall be allowed from judgments, given by justices of the peace, to the Superior

Court, as follows:   *   *   *   Second, from every judgment given, upon the report of referees, to an amount exceeding fifteen dollars, exclusive of costs, the party against whom such judgment is given, may appeal; or in case any part of the plaintiff's demand, or of the defendant's counterclaim or set-off, exceeding fifteen dollars, is disallowed (or defalked), such plaintiff, or defendant, may appeal."   *Rev. Code* 1852, amended to 1893, *p.* 754, *c.* 99, § 24; *Section* 2, *c.* 225, *Vol.* 11, *Laws of Delaware*.

When jurisdiction of this court on appeal is by express provision of the statute dependent upon the fact that a counterclaim was made before and disallowed or defalked by the tribunal appealed from, the fact of a disallowance or lopping off of such a claim must be disclosed by the record, either in the form of an affirmative statement to that effect, or by statements in the record from which such fact may be conclusively deduced.

The amount of a plaintiff's claim and the subsequent disallowance thereof have hitherto been held to be matters that must affirmatively appear upon the record of the judgment below before this court will take jurisdiction thereof on appeal (*Pepper v. Warren*, 2 *Marv.* 225, 230, 43 *Atl.* 91), and so the making of a counterclaim by the defendant and the disallowance or reduction thereof are likewise jurisdictional facts to be shown to the court, when the court is asked to take appellate jurisdiction of a case in which that jurisdiction exists only because such a claim was made and was disallowed or defalked.

It is urged by the defendant, however, that as the counterclaim or set-off appears by the transcript of the record to have been pleaded by the defendant in proper form and filed within a proper time, and as the award of the referees and the judgment entered thereupon are in favor of the plaintiff for such an amount that in itself shows a disallowance of the counterclaim made by the defendant, it must be legally inferred from the record (or from so much thereof as is a record) that the counterclaim as made before the referees was "disallowed" by them, and being so made and so disallowed, the case comes within the statute giving the defendant the right to appeal and this court the jurisdiction to hear the appeal.

.To this contention we cannot subscribe, for in this case the record leaves nothing to inference, and instead of showing expressly or otherwise sufficiently that the counterclaim was disallowed or defalked, it states positively it was not disallowed or defalked, for the reason that no claim was made therefor, except by a plea, and no evidence was presented in support of that plea. If a defendant would have the benefit of an appeal from a justice's judgment upon the ground of the disallowance or reduction of a counterclaim or set-off, he must do something more than plead it. He must follow his plea and urge his claim by testimony upon which the tribunal below may act, and by acting, may do him an injury in disallowing or reducing his counterclaim, for which injury the law gives him an appellate remedy. He must present to the court below his counterclaim or set-off in such manner as to conclude him, if the decision be against him (*Thompson v. Pearce*, 3 *Harr.* 497, 498); he must submit his counterclaim or set-off to adjudication, for upon the adjudication of his counterclaim and error therein, rest his only claim to and the only reason for an appeal.

The appeal is dismissed.