JOHN J. WEST, d. b. a., *vs.* JAMES B. LITTLETON, p. b. r.

JUSTICES OF THE PEACE—APPEAL—RECORD—SHOWING DISALLOWANCE OF CLAIM.

The record sufficiently shows a disallowance of defendant's set-off after hearing to authorize appeal from a justice under *Rev. Code* 1915, § 4034; the transcript reciting a pleading thereof, and a judgment for plaintiff for the amount of his demand after "having heard the proofs and allegations of plaintiff and defendant."

(*July* 5, 1916.)

JUDGES BOYCE and CONRAD sitting.

*White* and *Tunnell* for appellant.

*John M. Richardson* for respondent.

Superior Court, Sussex County, June Term, 1916.

Action by James B. Littleton against John J. West. Judgment for plaintiff, and defendant appeals. Motion to dismiss appeal denied.

APPEAL by defendant from a judgment of a justice of the peace, No. 13, June Term, 1916.

Action of assumpsit before a justice of the peace by James B. Littleton against Joshua J. West "to recover the value of cedar rails removed by defendant from fence of plaintiff. Demand five dollars." Heard before referees on application of defendant.

The transcript of the docket of the justice contains the following: "The * * * referees being summoned and duly sworn as by law required, the defendant * * * appears and pleads the following account as a set-off: * * * 'Bayard Littleton, Dr. to Joshua J. West as follows, five hundred rails removed by the said Bayard Littleton from the fence of the said Joshua J. West $25.00.' The referees having heard the proofs and allegations of the * * * plaintiff and of * * * the defendant, made formal report in writing: 'We find the said Joshua J. West justly indebted to James B. Littleton in the sum of five dollars debt and costs of the suit'." Judgment was entered by the justice in accordance with the report of the referees. The defendant appealed to the Superior Court.

Counsel for the plaintiff moved to dismiss the appeal upon the ground that the transcript filed failed to show that the set-off of the defendant was disallowed or defalked by the referees, claiming, therefore, that an appeal would not lie.

The cases of *Pepper v. Warren*, 2 *Marv.* 225, 43 *Atl.* 91, and *Burris v. Boone*, 4 *Boyce* 148, 86 *Atl.* 730, were relied upon in support of the motion.

Counsel for the defendant contended that the cases cited are not applicable to the facts of this case, because the defendant not only pleaded his set-off, but, appearing, the referees heard his proofs and allegations and that the legal inference is they disallowed his claim.

Boyce, J., delivering the opinion of the court:

"Appeals shall be allowed from judgments, given by justices of the peace, to the Superior Court, as follows: *First*, from every judgment given by the justice, without referee trial, to an amount exceeding five dollars, exclusive of costs, the party against whom such judgment shall be given, may appeal; or in case any part of the plaintiff's demand, or of the defendant's counter-claim or set-off, exceeding five dollars, is disallowed or defalked by the justice, such plaintiff or defendant, may appeal; *second*, from every judgment given, upon the report of referees, to an amount exceeding fifteen dollars, exclusive of costs, the party against whom

such judgment is given, may appeal; or in case any part of the plaintiff's demand or of the defendant's counter-claim or set-off, exceeding fifteen dollars, is disallowed or defalked, such plaintiff, or defendant, may appeal." *Rev. Code* 1915, § 4034.

As was said in *Pepper v. Warren*, 2 *Marv.* 225, 43 *Atl.* 91, and adhered to in *Burris v. Boone*, 4 *Boyce*, 148, 86 *Atl.* 730:

"The meaning of 'defalked' is a lopping off, or a reduction, to some extent, of a claim which is proved, whether it be from a claim made and proved by the plaintiff, or from a set-off made and proved by the defendant. * *

"So that where it may appear to our satisfaction—that is, sufficiently in legal contemplation—that the plaintiff has stated the amount of his claim * * * and the justice after hearing the proofs and allegations on both sides has rendered a judgment in favor of the defendant for costs, and thus rejected the claim of the plaintiff, in the language of the statute, disallowed his claim, to an amount exceeding five dollars; in such case an appeal will lie to this court."

It was held in *Fanning v. Miller*, 4 *Boyce*, 527, 89 *Atl.* 737, that—

"the fact of a disallowance or lopping off of such a claim must be disclosed by the record, either in the form of an affirmative statement to that effect, or by statements in the record from which such fact may be conclusively deduced."

In that case the record disclosed that after the plea of set-off was filed nothing further was done with it; that testimony was heard by the referees in support of the plaintiff's claim alone, and that the matter of the defendant's counter-claim or set-off was neither presented to, considered, disallowed or defalked by the referees. The appeal was dismissed.

In the case now before the court, the defendant brought forward his account against the plaintiff and pleaded it as a set-off, as he was required to do, in order to prevent his being forever barred from recovering the same. The referees, notwithstanding the defendant's plea of set-off and the proofs and allegations of both parties, found for the plaintiff for the full amount of his demand, thereby rejecting the defendant's counter-claim.

It is the opinion of the court that this case is clearly distinguished from the *Fanning case*, and that the reasonable inference to be drawn from the statement in the record or transcript

filed is that the referees heard the allegations and proofs of the parties as to their respective claims, and disallowed the defendant's claim, which being in excess of fifteen dollars, the appeal should be allowed.

The motion to dismiss is denied.